■ In the Matter of the Claim of HOWARD H. HOLMES, Respondent, v DELAWARE CONTRACTING CORPORATION et al., Appellants, and AMHERST SANITARY LANDFILL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 23, 1974, which held appellant Delaware Contracting Corporation to be the general employer and respondent Amherst Sanitary Landfill to be the special employer, and imposed full liability for an award of compensation upon appellant. Claimant was undisputedly paid by appellant, but appellant contends that respondent was the only employer, the payment arrangement having been worked out because respondent did not have a union contract. In addition, however, claimant testified that he had been told at the beginning that he was working for appellant, and some of the principal officers of appellant were relatives by blood or marriage of officers of respondent. Upon these factors the board could properly find the existence of an employment relationship between claimant and both appellant and respondent. Having done so, the board could make an award against either or both, as it saw fit. *(Matter of Dennison v Peckham Road Corp.,* 295 NY 457; *Matter of King v Kelley,* 41 AD2d 798; *Matter of Goodman v Stone & Webster Engr. Corp.,* 11 AD2d 558.) Decision affirmed, with one bill of costs to respondents Amherst Sanitary Landfill and its insurance carrier. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.