■ HINDI T. MERMELSTEIN, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered August 29, 1990, which granted the motions of defendants, the City of New York and New York City Health and Hospitals Corporation (HHC), to dismiss the complaint, is unanimously modified, on the law and on the facts, to the extent of denying the motion of defendant HHC to dismiss the complaint, the complaint is reinstated, and except as so modified, otherwise affirmed, without costs.

In September 1987, Dr. Hindi T. Mermelstein (plaintiff) commenced a personal injury action against the City of New York (City) and the Health and Hospitals Corporation to recover damages. The complaint alleges, in substance, that on January 4, 1987, due to defendants' negligence in not properly safeguarding the psychiatric admitting office, located in Bellevue Hospital, New York County, where she was working as a physician, a patient assaulted and severely beat her.

Thereafter, in their amended answer, defendants, although admitting that they both operated Bellevue Hospital, denied any negligence, and contended that plaintiff's exclusive remedy is Workers' Compensation. Subsequently, the defendant City moved to dismiss the complaint, on the ground that the City was not a proper party to the action (CPLR 3211 [a] [7]), and defendant HHC moved to dismiss the complaint, for lack of subject matter jurisdiction (CPLR 3211 [a] [2]). The Motion

Court granted the motions of both defendants, and dismissed the complaint. Plaintiff appeals.

After our review of the record, we find that, while plaintiff claims that, at the time of the incident, she was solely employed by the New York University Medical Center (NYU), where she was a resident physician in psychiatry, she admits that HHC paid her salary, and had the power to terminate her. Further, we find in the record conflicting evidence. Although plaintiff received instruction from NYU personnel about her duties at Bellevue, she admits that she was assigned to Bellevue by the NYU residency office, in accordance with an "affiliation contract" between HHC and NYU. Further, HHC paid, as employer, on behalf of plaintiff, Workers' Compensation benefits to a physician, who treated her for her injuries.

We stated, in *Brooks v Chemical Leaman Tank Lines* (71 AD2d 405, 407 [1st Dept 1979]), "where the elements of the employment or of the particular work being done bespeak both general and special employment the question is one of fact for the jury".

Applying the legal authority, *supra,* to the circumstances of the instant matter, we find that, in view of the complex agreement between NYU and HHC's Bellevue facility, there is a triable issue of fact as to who was plaintiff's actual employer at the time of the incident, and therefore, we further find that the Motion Court erred in granting the motion of defendant HHC to dismiss the complaint.

Accordingly, we modify the order to the extent of denying the motion of defendant HHC, and reinstate the complaint. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.