■ In the Matter of the Claim of ERIC JOHNSON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [625 NYS2d 698] —Crew III, J. Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed February 16, 1993 and March 24, 1994, which ruled that New York University was the sole employer of decedent, and (2) from a decision of said Board, filed October 7, 1994, which, upon reconsideration, adhered to its previous decision.

Claimant's decedent worked as a staff physician at Bellevue Hospital pursuant to an affiliation agreement between New York City Health and Hospitals Corporation (hereinafter NYCHHC), the entity responsible for the operation of Bellevue, and decedent's employer, New York University Medical Center (hereinafter NYU). Decedent was murdered in her office at Bellevue, as a result of which claimant, decedent's husband, commenced a wrongful death action against NYCHHC. NYCHHC contended in that action and before the Workers' Compensation Board that NYCHHC was decedent's special employer and, as such, claimant's exclusive remedy was workers' compensation. After a hearing, a Workers' Com-

pensation Law Judge found that decedent was employed solely by NYU, which determination was affirmed by the Board. NYCHHC appeals.

It is well settled that one who is in the general employ of one party may be in the special employ of another even where the former is responsible for the employee's salary and other employee benefits and has the power to hire and fire *(see, Cameli v Pace Univ.,* 131 AD2d 419, 420). And while it is presumed that an employee remains in the employ of the general employer, such presumption is overcome by evidence clearly demonstrating surrender of control by the general employer and assumption of that control by the special employer *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557). Key to that determination is whether the special employer directs the manner, details and ultimate result of the employee's work *(see, Lesanti v Harmac Indus.,* 175 AD2d 664).

Here, we are satisfied that there is substantial evidence in the record to support the Board's determination that NYU was the sole employer of decedent. NYU contracted with NYCHHC to provide all professional services, including medical and related support personnel, necessary for the delivery of health care services at Bellevue. Decedent and all other staff physicians were employed by NYU and supervision of such employees was vested in NYU personnel. While NYCHHC maintained general supervision of the operation of the hospital, authority over the details and methods of the services provided by decedent and other NYU physicians was the responsibility of NYU. Additionally, NYU had the authority to rotate its staff between Bellevue and other hospitals affiliated with NYU. Concededly, there is evidence in the record which might support a finding that a special employment relationship exists. Where, however, elements of the employment bespeak both general and special employment, the ultimate determination is a question of fact *(see, Mermelstein v City of New York,* 174 AD2d 485, 486) which is for the Board to determine *(see, Matter of Le Fevre v Tel-A-Car,* 198 AD2d 658). The fact that the evidence might support a different result is irrelevant where, as here, substantial evidence supports the decision of the Board *(see, Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924, *lv denied* 80 NY2d 754).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the decisions and amended decision are affirmed, with costs to claimant.