◼ In the Matter of the Claim of GRACIE D. SHOEMAKER, Respondent, v MANPOWER, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [635 NYS2d 816] —Cardona, P. J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed September 12, 1994 and May 24, 1995, which ruled that Manpower, Inc. was claimant's sole employer.

During the course of working at Westwood Pharmaceuticals' plant as an assembly-line packing worker, claimant injured herself and, thereafter, commenced a personal injury action against Westwood. Westwood, however, contended that it was claimant's special employer and, as such, claimant's only remedy was workers' compensation. The question of claimant's employment status was referred to the Workers' Compensation Board. At the hearing, the parties did not dispute that claimant was a general employee of Manpower, Inc., a supplier of temporary employees. It was Manpower who provided claimant's services to Westwood. The Board determined that the degree of control exercised by Westwood was insufficient to create a special employment relationship. Both Westwood and Manpower appeal.

The issue of whether a person may be categorized as a special employee is generally a factual issue (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Cameli v Pace Univ.*, 131 AD2d 419) and the Board's determination will be upheld if supported by substantial evidence (*see, Matter of Vinciguerra v Carvel Corp.*, 127 AD2d 915). Principal factors in determining whether a special relationship exists include the right to

control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work (*see, supra*). Within this context, however, it has been held that the key to the determination is who controls and directs the manner, details and ultimate result of the employee's work (*see, Thompson v Grumman Aerospace Corp., supra; Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, *lv denied* 86 NY2d 707; *see also, Matter of Abramson v Long Beach Mem. Hosp.*, 103 AD2d 866).

Here, the uncontroverted evidence establishes that, from the point claimant signed in to work at the Westwood facility to the point she signed out, she was under the exclusive control and supervision of Westwood employees. She performed the tasks as assigned and directed by Westwood staff and worked on Westwood's assembly lines side-by-side with Westwood's permanent employees and other Manpower employees. Neither claimant nor Manpower had any right of control over any aspect of claimant's activities while she was at the Westwood plant (*see, Matter of Abramson v Long Beach Mem. Hosp., supra*). Although Westwood did not have the authority to terminate claimant's services with Manpower, it could remove or preclude claimant or any Manpower employee from its facility at any time. Given these undisputed facts, we conclude that the record before us does not contain substantial evidence to support the Board's finding that Westwood's control over claimant was insufficient to establish a special employment (*cf., Matter of Johnson v New York City Health & Hosps. Corp., supra; Matter of Alli v Mandel Sec. Bur.*, 86 AD2d 911).

Manpower's role in handling the administrative details such as paying claimant and informing her on a daily basis to report to Westwood did not limit Westwood's on-the-job control. As we have recently noted, "one who is in the general employ of one party may be in the special employ of another even where the former is responsible for the employee's salary and other employee benefits and has the power to hire and fire" (*Matter of Johnson v New York City Health & Hosps. Corp., supra*, at 896). In addition, although Westwood treated claimant differently from other permanent employees by, *inter alia*, requiring her to use a separate entrance and wear a visitor's pass, this does not change the fact that it was still Westwood which controlled claimant's activities and not Manpower. No representative of Manpower was present at Westwood when claimant performed her duties and no one other than Westwood had the right to control her work while she was at the facility (*see generally, Jeffords v Professional Bldrs./Remodelers Group*, 186

AD2d 989; *LeSanti v Harmac Indus.*, 175 AD2d 664). Accordingly, because we find that there is insufficient evidence in the record to support the Board's conclusions, its decisions must be reversed.

Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the decision and amended decision are reversed, with one bill of costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.