■ In the Matter of the Claim of BONNIE QUICK, Respondent, v STEUBEN COUNTY SELF-INSURANCE PLAN et al., Appellants, and SALVATION ARMY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [662 NYS2d 608] ——Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 12, 1994, which ruled that Steuben County was solely liable for workers' compensation benefits paid to claimant.

Claimant, a recipient of public assistance provided by the Steuben County Department of Social Services (hereinafter the County), injured her wrist while participating in a workfare program sponsored by the County. The injury occurred while claimant was working as a kitchen aide for the Salvation Army at premises which it owned. Claimant was found eligible to receive workers' compensation benefits as a result of the injury. Thereafter, a dispute arose between the County and the Salvation Army as to which entity was responsible for paying claimant's benefits. Following various hearings, the Workers' Compensation Board ruled that the County was fully liable for paying for such benefits because it was claimant's general employer and the Salvation Army was merely claimant's special employer. The County and its insurance carrier appeal the Board's decision.

We affirm. "It is well settled that one who is in the general employ of one party may be in the special employ of another even where the former is responsible for the employee's salary and other employee benefits and has the power to hire and fire" (*Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896; *see, Thompson v Grumman Aero-*

*space Corp.*, 78 NY2d 553, 557). "[W]hether a person may be categorized as a special employee is generally a factual issue * * * and the Board's determination will be upheld if supported by substantial evidence" (*Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874 [citations omitted]). Among the factors to be considered are "the right to control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work" (*id.*, at 787-788). Although a key consideration is "who controls and directs the manner, details and ultimate result of the employee's work" (*id.*, at 788), it is not determinative (*see, Thompson v Grumman Aerospace Corp.*, *supra*, at 558).

Under the arrangement between the County and the Salvation Army, the Salvation Army would hire a limited number of welfare recipients, as part of the workfare program, for the purpose of providing these individuals with work experience. The County continued to provide public assistance benefits to the participants and the number of hours they worked was based upon the size of the public assistance grant. In fact, the participants were required to complete time sheets, which were given to the County, to keep track of their hours. Decisions regarding the type of work the participants performed were made jointly by the County and the Salvation Army. The County also retained the right to monitor the work site and could remove a participant from a placement in the event of improper supervision.

Claimant was referred to the Salvation Army by the County and was hired by the Salvation Army as a kitchen aide. She was supervised by a Salvation Army employee and used equipment supplied by the Salvation Army to perform her work. It is clear that the Salvation Army had virtually complete control over claimant's day-to-day activities. Notwithstanding this, we find that substantial evidence supports the Board's finding that the County retained sufficient overall control over important aspects of claimant's work to be deemed her general employer. Accordingly, the County was properly held responsible for the payment of claimant's workers' compensation benefits (*see, Matter of Holmes v Delaware Contr. Corp.*, 48 AD2d 990).

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.