■ O'CONNELL ELECTRIC COMPANY, Respondent, v MURNANE/KENNEDY, a Joint Venture, Appellant, and HEALY, INC., Respondent. [675 NYS2d 697] —White, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 30, 1997 in Franklin County, which, *inter alia*, granted plaintiff's cross motion for summary judgment on the issue of liability.

Defendant Murnane/Kennedy, a joint venture formed by Roger P. Kennedy, Inc. (hereinafter Kennedy) and Murnane Associates, Inc. (hereinafter Murnane), was awarded a contract to act as the general contractor for the construction of Franklin Correctional Facility and Bare Hill Correctional Facility in Franklin County. Thereafter, Murnane/Kennedy entered into a subcontract with defendant Healy, Inc. which agreed to "provide all required and requested labor tradesmen to perform all aspects of construction labor as directed by the joint venture". Pursuant to the subcontract, Healy provided two laborers who attempted to move a 1,000-gallon propane gas tank located on the Franklin Correctional Facility job site. During the move, an accident occurred that resulted in the escape of propane gas and a fire that consumed plaintiff's equipment trailer.

To recover its loss, plaintiff commenced this property damage action alleging negligence against Murnane/Kennedy and Healy. Following discovery, Murnane/Kennedy sought summary judgment dismissing plaintiff's complaint and Healy's cross claim. Healy, in turn, sought the same relief while plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court, finding that Healy's employees were the special employees of Murnane/Kennedy, granted Healy's cross motion since a general employer is not liable for the negligence of a special employee (53 NY Jur 2d, Employ-

ment Relations, § 330, at 51). It also granted plaintiff's cross motion. As limited by its brief, Murnane/Kennedy appeals from the denial of its motion and the granting of Healy's cross motion.

We affirm. While the issue of whether a special employee relationship exists is generally a question of fact, it may be summarily determined where the undisputed facts establish that the general employer performed no work for the special employer and that the latter controlled and directed the manner, details and ultimate result of the employee's work (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558). Here, Healy's general manager, who also owned Kennedy, described Healy as "just a payroll operation" that drew its employees from the union and then would process the payroll. The record further establishes that Healy did not supervise, direct or otherwise control its employees at the job site, nor did it provide them with equipment or materials. Equally significant, the supervision of the job site and the construction process was entrusted to employees of Murnane. In view of this record, we are in accord with Supreme Court's determination (*see, Rotoli v Domtar, Inc.*, 229 AD2d 934; *Klein v Farone*, 228 AD2d 906; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874; *Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, *lv denied* 86 NY2d 707).

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.