■ In the Matter of the Claim of LYNDA TUNISON, Respondent, v P. C. RICHARDS & SON et al., Appellants. UNINSURED EMPLOYERS' FUND, Respondent; WORKERS' COMPENSATION BOARD, Respondent. [684 NYS2d 311] —Spain, J. Appeal from two decisions of the Workers' Compensation Board, filed September 25, 1996 and February 25, 1997, which ruled that the death of claimant's decedent arose out of and in the course of his employment with P. C. Richards & Son and awarded claimant workers' compensation death benefits.

Claimant's decedent was employed by Outlaw Trucking Company (hereinafter Outlaw), a truck delivery service which had contracted to deliver merchandise for P. C. Richards & Son (hereinafter P. C. Richards). In October 1991, decedent was fatally injured when the motorcycle he was driving was struck by a van. Finding that decedent was a special employee of P. C. Richards and that decedent's death occurred during the course of such employment, the Workers' Compensation Board ruled that P. C. Richards was liable to claimant for workers' compensation death benefits. P. C. Richards and its workers' compensation insurance carrier appeal.

We affirm. Whether an individual may be properly characterized as a special employee is a factual determination for the Board and depends largely upon the right to control the manner and details of the employee's work (*see, Matter of Quick v*

*Steuben County Self-Ins. Plan*, 242 AD2d 833, *lv dismissed* 91 NY2d 866). Here, the record discloses that P. C. Richards controlled the scheduling and location of Outlaw's merchandise deliveries, required Outlaw drivers to work on specified days and had the authority to impose rules regarding their personal appearance. Upon completing their designated route, the drivers were required to store their delivery trucks in a warehouse owned by P. C. Richards so that its employees could load the trucks with merchandise to be delivered the following day. The drivers gained access to the warehouse using identification cards bearing the name of P. C. Richards' corporate subsidiary. In our view, this proof constitutes substantial evidence to support the conclusion that P. C. Richards exercised sufficient control over important aspects of decedent's work to give rise to a special employment relationship (*see, Matter of Kemp v City of Hornell*, 250 AD2d 950; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874).

Finally, given the uncontroverted evidence that decedent was routinely returning a set of truck keys to his boss at the time of the accident, we find that substantial evidence supports the Board's conclusion that decedent's death occurred in the course of his special employment (*see generally, Matter of Gray v Lyons Transp.*, 179 AD2d 985; *Matter of Pearson v New York City Tr. Auth.*, 146 AD2d 849).

Mikoll, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.