■ In the Matter of the Claim of Echo E. Adams, Respondent, v Otsego County Department of Social Services et al., Appellants. Workers' Compensation Board, Respondent. [702

NYS2d 698] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 1998, which ruled, *inter alia*, that Otsego County Department of Social Services was solely liable for workers' compensation benefits paid to claimant.

Claimant, a recipient of public assistance who was participating in a workfare program sponsored by the Otsego County Department of Social Services (hereinafter the County), injured her back while working as an aide at a facility owned by Opportunities for Chenango, Inc. (hereinafter OFC). Following a finding that claimant was entitled to receive workers' compensation benefits as a result of her injury, a controversy arose between the County and OFC regarding which entity was responsible for paying claimant's benefits. The Workers' Compensation Board ruled, *inter alia*, that the County was claimant's proper employer and solely responsible for paying claimant's benefits, prompting the County and its insurance carrier to appeal.

The County and its insurance carrier contend that the Board's decision is not supported by substantial evidence because OFC is claimant's special employer and should be held partially responsible for the claim. We disagree. The determination of whether claimant may be characterized as OFC's special employee was a factual issue for the Board to resolve based upon consideration of several factors including the right to control, the method of payment, the right to discharge and the relative nature of the work (*see, Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, 834, *lv dismissed* 91 NY2d 866; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787-788, *lv dismissed* 88 NY2d 874).

Here, our review of the record and, in particular, the written agreement between the County and OFC reveals that the County selected claimant for placement at OFC and exercised significant control over the terms of her work, including the method of payment, the hours worked and the duties performed. For example, claimant received public assistance and a lunch allowance from the County rather than wages from OFC. The County limited claimant's work to the number of hours necessary to earn an amount equal to her public assistance grant and required claimant to maintain time records which OFC was to furnish to the County on a regular basis. Moreover, the County established standards governing the type and location of the work to be performed and conducted regular performance reviews with the assistance of an OFC representative. In our view, this proof constitutes substantial evidence

indicating that the County retained "substantial over-all control over important aspects of claimant's work" (*Matter of Hughes v Steuben County Self-Ins. Fund*, 248 AD2d 757, 759), and was, therefore, properly held responsible for the payment of claimant's workers' compensation benefits (*see, Matter of Quick v Steuben County Self-Ins. Plan, supra,* at 834). Furthermore, we reject the claim by the County and its workers' compensation insurance carrier that disposition of the issue at hand requires further development of the record inasmuch as no such request was made before the Board (*see, e.g., Matter of Hughes v Steuben County Self-Ins. Fund, supra,* at 758).

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.