■ JOHN GADWAY, Appellant, v TRI-CITY MANPOWER, INC., Respondent. [704 NYS2d 347] —Mercure, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered March 23, 1999 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained the injuries forming the basis for this action in a December 1993 accident that occurred in the course of his employment with Quad Graphics, Inc. Plaintiff claims that

his injuries were caused by the negligence of an unidentified co-worker who was a general employee of defendant but had been assigned to work at the Quad Graphics facility. Following discovery, defendant moved for summary judgment dismissing the complaint as barred by the exclusive remedy provision of Workers' Compensation Law § 29 (6) based on evidence that the employee responsible for the accident was a special employee of Quad Graphics and thus plaintiff's coemployee. Supreme Court granted the motion and plaintiff appeals.

We agree with defendant that the uncontroverted evidence submitted on the summary judgment motion established that the worker responsible for plaintiff's injuries was a special employee of Quad Graphics as a matter of law. We accordingly affirm. The evidence showed that, as to all temporary employees supplied by defendant to Quad Graphics within the relevant time frame, defendant gave only "overall training" not geared toward any particular employer or manufacturing process. Specific training on the use of particular machines or processes was performed by Quad Graphics. Further, the evidence showed that Quad Graphics was solely responsible for the workers' job assignments and the site and hours of their work, provided all training, instruction, monitoring and supervision, and supplied the workers with all necessary tools and equipment. In our view, the presumption of continued general employment was rebutted by the requisite "clear demonstration" that the general employer relinquished and the special employer assumed control over the employee (see, *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557; *O'Connell Elec. Co. v Murnane/Kennedy*, 252 AD2d 851, 852; *Hanchett v Graphic Techniques*, 243 AD2d 942, 944; *Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896, *lv denied* 86 NY2d 707). Plaintiff's contrary assertions and alternative arguments have been considered and found to be lacking in merit.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.