*Matter of Cohoes Police Officers Union [City of Cohoes]*, 263 AD2d 652, 653).

In order for this Court to vacate the underlying award on policy grounds, we "must be able to examine [the] arbitration agreement or [the] award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). Stated another way, vacatur of the award at issue would require this Court to conclude that the agreement or the award itself "directly conflicts with * * * a strong public policy ' "amounting to gross illegality or its equivalent," generally to be found in a "readily identifiable source in the statutes or common-law principles" ' " (*Matter of Fallon [Greater Johnstown School Dist.]*, 118 AD2d 936, 937, *lv denied* 68 NY2d 603, quoting *Matter of Board of Educ. [McGinnis]*, 100 AD2d 330, 333, quoting *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 422 [Breitel, Ch. J., concurring]). That standard has not been met here. Even a cursory review of the general statutory provisions relied upon by respondent reveals no direct conflict between, or gross illegality existing in, the arbitrator's award.

As for respondent's assertion that the underlying award is irrational or arbitrary and capricious, the crux of respondent's argument on this point is that there is insufficient evidence to support the arbitrator's finding of a "past practice". Respondent's argument, however, overlooks the fact that "it is not the function of this [c]ourt to 'second-guess' the factual findings made or legal conclusions reached by the arbitrator" (*Matter of New York State Law Enforcement Officers Union [State of New York]*, 255 AD2d 54, 58, *affd sub nom. Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321). Upon considering all of the evidence, the arbitrator found that the exercise of discretion by command staff in granting or denying leave requests submitted on less than 72 hours' notice was "well established, repeated and customary * * * [and] occurred over a substantial amount of time", thereby constituting a past practice; her findings in this regard will not be disturbed. We have examined respondent's remaining contentions, including its assertion that the arbitrator exceeded the scope of her authority, and find them to be lacking in merit.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

■ RAYMOND W. JAYNES, III, et al., Respondents, v COUNTY OF CHEMUNG, Appellant. (And a Third-Party Action.) [707 NYS2d

516] —Mugglin, J. Appeal from an order of the Supreme Court (Castellino, J.), entered September 29, 1999 in Chemung County, which, *inter alia*, partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Raymond W. Jaynes, III (hereinafter plaintiff), and his wife derivatively, commenced this action against defendant asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6). On the date of the accident, plaintiff, an employee of third-party defendant, Silverline Construction, Inc., was working in conjunction with employees of defendant in the demolition and reconstruction of a Chemung County bridge. As an employee of defendant attempted to move a portion of demolished concrete with an excavating machine, the concrete slipped from its bucket and struck an iron beam, causing the beam to strike plaintiff in the head.

Several weeks prior to the scheduled trial, defendant moved for an order granting it permission to amend its answer to include the affirmative defense that plaintiff was a "special employee" of defendant, thus making his exclusive remedy pursuant to the Workers' Compensation Law. The amendment was granted and defendant sought summary judgment dismissing plaintiffs' complaint. In the alternative, defendant sought partial summary judgment dismissing plaintiffs' claim asserted under Labor Law § 240 (1). Silverline cross-moved for similar relief. Plaintiffs cross-moved for partial summary judgment on the issue of liability against defendant on the claims asserted under Labor Law §§ 200 and 241 (6). Supreme Court denied the motions of defendant and Silverline to the extent of finding that triable issues of fact precluded a finding that plaintiff, at the time of his injury, was a "special employee" of defendant, but granted the motions to the extent of dismissing plaintiffs' Labor Law § 240 (1) claim. Supreme Court also denied plaintiffs' cross motion in every respect. Defendant appeals.* We modify Supreme Court's order and dismiss the entire complaint.

In our view, the record establishes as a matter of law that plaintiff was a "special employee" of defendant at the time of his injury. Although a determination concerning a worker's status as a "special employee" is generally a question of fact, summary judgment may nevertheless be granted where the relevant facts establish that the special employer controlled and directed the manner, details and ultimate result of the employee's work (*see, Thompson v Grumman Aerospace Corp.,*

---

* Neither Silverline nor plaintiffs have sought review of Supreme Court's order.

78 NY2d 553, 557-558; *O'Connell Elec. Corp. v Murnane/ Kennedy*, 252 AD2d 851, 852; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra*, at 557). An employee of one party may be a special employee of another party even if the former pays the employee's salary and benefits and has the ability to hire and terminate the employee (*see, id.*, at 557; *Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, *lv dismissed* 91 NY2d 866). The foregoing, in addition to other factors, may sufficiently establish the status of "special employee" as a matter of law to support a grant of summary judgment.

Here, defendant entered into an hourly agreement with Silverline as the successful bidder to provide manpower, a service truck and certain tools. Under the agreement, defendant paid for the hours worked by the employees assigned by Silverline directly to Silverline without inclusion of any benefits or holiday pay. Silverline was responsible for the payment of its employees and any other benefits, including workers' compensation. Although Silverline selected the particular employees for assignment to defendant, it retained the authority to replace those employees at will. Once the Silverline employees were assigned to defendant, however, defendant was solely responsible for placing those employees on a particular project and, on a daily basis, directing what work would be performed, when it would be performed and the manner in which it would be performed. In other words, Silverline performed no work for defendant and retained no authority over the work of its employees once they were assigned to defendant in accordance with the agreement.

Under these circumstances, we are convinced that plaintiff was a "special employee" of defendant at the time of his injury and, thus, that workers' compensation provided his exclusive remedy. We are not persuaded that because Silverline employees went directly to the job site without first reporting to the County barn as defendant's employees did, or that Silverline retained the authority to replace employees at defendant's projects with other employees without consultation with defendant, alters the ultimate conclusion. Likewise, we are not convinced, as plaintiff contends, that one of Silverline's employees, acting as a supervisor in the absence of defendant's working supervisor, operates to preclude a finding that plaintiff was a "special employee" as a matter of law.

The record clearly establishes that when defendant's working supervisor left the project site, Silverline's supervisor employee was left in charge directing all employees in connection with the project. In fact, after defendant's working supervisor left the project site on the date of plaintiff's injury, it was Silverline's employee, acting as head of the project, who directed defendant's employee to continue using the excavator to move concrete pieces which eventually resulted in plaintiff's injuries. There is no question, based on the entirety of the record, that defendant used both plaintiff and the supervisor supplied by Silverline pursuant to the contract as it saw fit by assigning them to bridge replacement projects controlled exclusively by defendant. Accordingly, Supreme Court erred when it found that questions of fact prohibited a determination of plaintiff's status as a "special employee" of defendant.

Crew III, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; said motion granted in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.