■ In the Matter of the Claim of NICHOLAS C. OPPEDISANO, Respondent, v RANDALL ELECTRIC, INC., et al., Appellants.

BUCKBEE-MEARS CORTLAND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 570] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed July 23, 1999, which ruled that Randall Electric, Inc., was the sole employer of claimant.

Claimant, a journeyman electrician employed by Randall Electric, Inc., filed a claim for workers' compensation benefits based upon his exposure to chemicals and fumes while performing electrical maintenance and repairs at a manufacturing plant owned and operated by Buckbee-Mears Cortland (hereinafter BMC). After the claim was established, Randall sought an apportionment of liability based upon the theory that BMC was claimant's special employer. The Workers' Compensation Board ruled that no special employment relationship existed, prompting this appeal by Randall and its workers' compensation carrier.

The issue of whether an individual may be properly characterized as a special employee is generally a factual one for the Board to resolve (*see, Matter of Tunison v Richards & Son*, 257 AD2d 856). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [citation omitted]). While many factors must be considered in determining whether a special employment relationship exists, with no one decisive, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*id.*, at 558). Thus, in the absence of a clear demonstration of surrender of control by the general employer and assumption of control by the special employer, the general employment is presumed to continue (*see, id.*, at 557).

Here, it is undisputed that claimant remained on Randall's payroll and Randall retained the right to discharge him. Randall provided a foreperson at the BMC plant and, while the foreperson worked a different shift, the shifts overlapped and claimant considered the foreperson to be his supervisor. Although claimant also worked with a BMC employee on projects designated by BMC, there is no evidence that BMC assumed control over the manner, details and ultimate result of claimant's work. Accordingly, there is substantial evidence to support the Board's finding of no special employment relationship. Therefore, it is irrelevant that the evidence, as argued by Randall, could support a different conclusion (*see, Matter of Johnson v New York City Health & Hosp. Corp.*, 214 AD2d 895, *lv denied* 86 NY2d 707).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.