■ In the Matter of the Claim of George L. Hutchinson, Respondent, v Fahs-Rolston Paving Company et al., Appellants, and Flow Services, Inc., Respondent. Workers' Compensation Board, Respondent. [732 NYS2d 116] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 24, 2000, which ruled that Fahs-Rolston Paving Company was solely liable for workers' compensation benefits paid to claimant.

Claimant was an employee of Fahs-Rolston Paving Company in 1994 when it began work as the general contractor on a highway construction project on Interstate Route 81 in Broome County. One of the jobs involved in the project was the removal of old concrete from bridge decks, for which hydrodemolition machinery was used. Fahs-Rolston did not own this equipment so it subcontracted with Flow Services, Inc., a Pennsylvania corporation, to provide it. Because Flow Services was not a union contractor in this State, Fahs-Rolston provided one of its regular union employees—claimant—to operate the machinery while Flow Services provided one of its employees to monitor the machine's operation and maintenance and to train claimant to use the machinery.

On May 11, 1995, claimant suffered a heart attack while operating the hydrodemolition machine. Following a hearing, *inter alia*, liability for the payment of claimant's workers' compensation benefits was ascribed to Fahs-Rolston as claimant's employer at the time of his employment-related injury. Fahs-Rolston subsequently disputed its liability on the ground that at the time of his heart attack claimant was not its employee but, rather, was working as the "special employ-

ee" of Flow Services. A Workers' Compensation Law Judge disagreed, ruling that Fahs-Rolston was claimant's general employer at the time of his work-related injury. The Workers' Compensation Board affirmed that decision, prompting Fahs-Rolston's appeal to this Court. We affirm.

A determination of whether an individual is a general or a special employee turns on a consideration of several factors, including which employer controls and "directs the manner, details and ultimate result of the employee's work" (*Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896, *lv denied* 86 NY2d 707; *see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558). Consideration is also given to which entity controls the employee's salary and has the right to hire or fire the employee (*see, Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, 833-834, *lv dismissed* 91 NY2d 866). Here, Fahs-Rolston paid claimant's salary, assigned him to operate the hydrodemolition machinery, retained the right to discharge him and set the standards, goals and timetable for completion of the various stages of the project. After claimant suffered his heart attack, it was Fahs-Rolston, not Flow Services, that hired the union worker who took claimant's place operating the hydrodemolition machinery.

The question of "whether a person may be categorized as a special employee is generally a factual issue * * * and the Board's determination will be upheld if supported by substantial evidence" (*Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874 [citations omitted]; *see, Matter of Tunison v Richards & Son*, 257 AD2d 856, 856-857). Substantial evidence supports the Board's decision that Fahs-Rolston, having retained and exercised sufficient control over a majority of the important elements of claimant's work, remained claimant's general employer, exclusively responsible for the payment of claimant's workers' compensation benefits (*see, Thompson v Grumman Aerospace Corp.*, supra, at 557). Accordingly, we affirm, notwithstanding the fact that some of the evidence presented could have supported a contrary outcome (*see, Matter of Limpert v Kay-R Elec.*, 250 AD2d 1005, 1006).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.