■ ROGER J. SHERMAN et al., Appellants, v REYNOLDS METALS COMPANY, Respondent. [744 NYS2d 553] —Mugglin, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered March 28, 2001 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant operates a plant in the City of Middletown, Orange County, where it manufactures aluminum cans. Two warehouses, one primarily for the storage of finished product awaiting shipment and the other for the storage and repair of pallets and raw materials, were situate within one-quarter mile from the plant. Burlington Motor Carriers, Inc. (hereinafter Burlington) employed plaintiff as a "yard switcher" to transport materials and products to and from the warehouses and the plant. Plaintiff was regularly so employed for 50 hours per week for several months prior to his February 4, 1997 accident. On that date, while he was voluntarily assisting warehouse employees by removing damaged cans from a pallet, plaintiff fell from a ladder and was injured. Supreme Court found, as a matter of law, that plaintiff was a "special employee" of defendant and dismissed the complaint (*see,* Workers' Compensation Law §§ 11, 29 [6]). Plaintiff appeals.

We first note that "[t]he question of 'whether a person may

---

be categorized as a special employee is generally a factual issue * * *'" (*Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937, quoting *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787, *lv dismissed* 88 NY2d 874; *see, Jaynes v County of Chemung*, 271 AD2d 928, 929, *lv denied* 95 NY2d 762). However, a "determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558; *see, Matthews v Town of Morristown*, 286 AD2d 535, 536).

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another * * *" (*Thompson v Grumman Aerospace Corp.*, *supra* at 557 [citation omitted]). "Principal factors in determining whether a special relationship exists include the right to control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work" (*Matter of Shoemaker v Manpower, Inc.*, *supra* at 787-788; *see, Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, 834, *lv dismissed* 91 NY2d 866). "[H]owever, * * * the key to the determination is who controls and directs the manner, details and ultimate result of the employee's work" (*Matter of Shoemaker v Manpower, Inc.*, *supra* at 788; *see, Thompson v Grumman Aerospace Corp.*, *supra* at 557; *Jaynes v County of Chemung*, *supra* at 929).

We next note that plaintiff's employer's contract with defendant provides that Burlington is "an independent contractor and shall exercise exclusive control and direction of the persons operating vehicles or otherwise engaged in the transportation of [c]ommodities for [defendant]." The contract does not, however, address the issue of any special employment status and is therefore neither determinative of that issue nor does it displace judicial assessment thereof (*see, Thompson v Grumman Aerospace Corp.*, *supra* at 559). We further note that "[g]eneral employment is presumed to continue, [and] this presumption is [only] overcome upon [a] clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*id.* at 557). To be entitled to summary judgment, therefore, defendant must submit sufficient competent evidence to overcome this presumption. It is our view that, based on this record, defendant failed to overcome this presumption and should not have been granted summary judgment determining plaintiff was a special employee as a matter of law.

In this regard, it is undisputed that Burlington paid plaintiff's salary and other benefits and was responsible for payroll and other taxes associated with his employment. If plaintiff was ill or experienced problems with equipment, he reported to Burlington. Burlington owned the equipment that plaintiff used, was responsible for hiring or firing plaintiff and could reassign plaintiff at any time without prior approval or notification to defendant. Moreover, the facts that plaintiff was given a key to one of defendant's warehouses, that plaintiff relayed messages from an employee in the plant to employees in the warehouses or that defendant's employees told plaintiff where and when to deliver materials (a practice common in the trucking industry) do not rebut the presumption. In short, defendant's evidentiary submissions do not make a clear demonstration of complete surrender of control and direction over plaintiff by the general employer, or assumption of that direction and control by defendant (*see, id.* at 557).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.