■ In the Matter of the Claim of JOHN ROSATO, Appellant, v THUNDERBIRD CONSTRUCTION COMPANY et al., Respondents. [749 NYS2d 601] —Peters, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 23, 2000, which ruled that Karl Koch Erecting Company and Thunderbird Construction Company were equally liable for workers' compensation benefits paid to claimant, and (2) from a decision of said Board, filed August 27, 2001, denying claimant's application for full Board review.

Claimant was employed by Thunderbird Construction Company (hereinafter Thunderbird) as an ironworker. On May 13, 1991, he was assigned by his supervisor to report to the 207th Street Bridge to provide services to the general contractor, Karl Koch Erecting Company (hereinafter Koch), on a bridge restoration project. As he was in the process of remov-

ing a bolt from the bridge abutment, he stepped to a spot where a stone was missing and fell approximately 12 feet to the ground below.

Thunderbird filed a C-2 employer's report of injury and thereafter accident, notice and causal relationship were established for the purpose of receiving workers' compensation benefits. With claimant classified as permanently partially disabled and Thunderbird liable for such payments, the case was closed in January 1995. Prior thereto, however, claimant had commenced an action against Koch in federal court alleging violations of the Labor Law. Koch answered and subsequently commenced a third-party action against Thunderbird. Following claimant's deposition, Koch amended its answer to assert, now five years after the accident, that claimant was its special employee and therefore the action was prohibited by the exclusivity provisions of the Workers' Compensation Law. The federal court stayed the action and directed claimant to litigate that issue before the Workers' Compensation Board.

The referral of this issue to the Board necessitated a reopening of the case and a review of prior deposition testimony. Further testimony was received from both claimant and Thunderbird vice-president Richard Verardo, resulting in a determination by the Workers' Compensation Law Judge (hereinafter WCLJ) that Koch exercised "sufficient control and direction over the claimant to establish a special employment relationship" and that Koch and Thunderbird were equally responsible for paying claimant's workers' compensation award. Claimant appealed the determination which was subsequently affirmed by the Board and rejected for full Board review. Claimant now appeals.

Recognizing that a general employee of one employer may also be in the special employ of another, even if the former pays the employee's salary and benefits and retains the ability to hire and fire (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557; *Matthews v Town of Morristown*, 286 AD2d 535, 536; *Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, 833-834, *lv dismissed* 91 NY2d 866), general employment will be presumed to continue unless there is a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp., supra* at 557; *see Matter of Oppedisano v Randall Elec.*, 285 AD2d 759, 760; *Matter of Quick v Steuben County Self-Ins. Plan, supra* at 834; *Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 999)— typically a factual determination made by the Board and up-

held if supported by substantial evidence (*see Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937).

Here, the preeminent issue is whether both the Board and the WCLJ applied the wrong legal standard when they grounded a finding of special employment upon the conclusion that Koch had "sufficient control" over claimant rather than exclusive control (*see Thompson v Grumman Aerospace Corp.*, *supra* at 559; *Matter of Dennison v Peckham Rd. Corp.*, 295 NY 457, 461; *Matthews v Town of Morristown, supra* at 537). In reviewing this issue, we note that when a record incontrovertibly establishes that a special employer assumes and exercises "exclusive control" over a general employee, a determination on the issue of special employment may be made as a matter of law (*see Thompson v Grumman Aerospace Corp.*, *supra* at 559; *Szymanski v Aramark Facility Servs.*, 297 AD2d 829; *Gadway v Tri-City Manpower*, 270 AD2d 616; *Oden v Chemung County Indus. Dev. Agency, supra* at 998-999). However, where, as here, there are issues of fact concerning a surrender of control by a general employer and an assumption of control by a special employer, a determination on the issue of special employment will hinge upon a consideration of not only control but also factors such as the special employer's right to hire or discharge such employee, the payment of wages and ownership of tools utilized on the job, all the while recognizing that ordinarily no one factor is determinative (*see Matthews v Town of Morristown, supra* at 536). In those instances, we are left to assess whether the factual determination made by the Board is supported by substantial evidence (*see Matter of Hutchinson v Fahs-Rolston Paving Co., supra* at 937).

Verardo, Thunderbird's vice-president, testified that Thunderbird negotiated a cost-plus contract with Koch to supply labor for the project and that Thunderbird was not going to provide a supervisor for the site so that Koch could supervise the project through its site supervisor Marty Bright. However, no writing or contract memorialized these conditions and further testimony established that since Verardo was not present on the site on the day of the accident, he had no personal knowledge as to who directed or supervised claimant.

Claimant testified that he was assigned to this site by Allen Burns, Thunderbird's field superintendent. Claimant arrived at approximately 6:00 A.M. and, shortly thereafter, was joined by coworker Sonny Douglas, who was married to a Thunderbird co-owner; claimant characterized Douglas as the supervisor on the job. Also appearing was Al Verardo (hereinafter Verardo), Thunderbird's shop steward. Claimant asserted that

only Douglas and Verardo provided him with instructions on that day and that, despite being told initially by Burns that he would be receiving instructions from a Koch employee, no such supervision or direction was provided. In fact, after all of the Thunderbird employees arrived, both Douglas and Verardo instructed claimant and the remaining Thunderbird employees to remove some welding equipment from a nearby island. Thereafter, they were directed by Douglas and Verardo to commence cleaning an area where they thought they might be working. Douglas and Verardo were later approached by Koch employees, one of whom was Bright, who told them to commence their iron work.

Based upon the testimony presented, we cannot find substantial evidence to support the conclusion that there was a "clear demonstration" of a surrender of control by Thunderbird with an assumption of control by Koch, sufficient to overcome the presumption that general employment with Thunderbird continued (*see Matter of Dennison v Peckham Rd. Corp.*, 295 NY 457, 461, *supra*; *Sherman v Reynolds Metals Co.*, 295 AD2d 843; *Matter of Oppedisano v Randall Elec.*, 285 AD2d 759, 760, *supra*; *cf. Szymanski v Aramark Facility Servs.*, *supra*; *Gadway v Tri-City Manpower*, 270 AD2d 616, 617, *supra*). Accordingly, we must reverse the finding by the Board that claimant was a special employee of Koch.

Finally, while we agree with claimant's contention that the WCLJ precluded relevant testimony regarding the instructions given to claimant by Douglas once claimant stated that Douglas directed his employment, we need not address it further in light of our determination on the issue of special employment. Reviewing and rejecting any remaining issues concerning either the credibility of witness testimony, a province reserved exclusively to the Board (*see Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672), or whether Koch should have been estopped from raising this affirmative defense of special employment in its answer in the pending federal court action, an area outside of our province, the decisions rendered must be reversed.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further preceedings not inconsistent with this Court's decision.