■ In the Matter of the Claim of KAREN BOWMAN, Respondent, v BIRDAIR, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 752] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 28, 2001, which ruled that Birdair, Inc. was solely liable for claimant's workers' compensation death benefits.

Birdair, Inc. contracted to replace the roof of the Carrier Dome on the campus of Syracuse University in the City of Syracuse, Onondaga County. Under the terms of the contract, Birdair, a nonunion employer, was required to use union labor on the project. Accordingly, Birdair contracted with Colonial Rigging and Contracting to act as a labor broker. Colonial contacted the relevant unions to secure the requisite number of union workers and handled payroll, insurance coverage and related services, but did not have direct contact with the employees.

As work progressed Birdair began to directly contact the union halls for workers. Decedent reported to work at the site

as a result of such direct contact and was placed on Colonial's payroll. On his first day of work for Birdair, he was killed as the result of a work-related fall. Claimant, decedent's spouse, on behalf of herself and their son, filed a claim for workers' compensation death benefits against Colonial and its workers' compensation carrier. Colonial controverted the claim on the ground, inter alia, that there was no employer/employee relationship. After a series of hearings, the Workers' Compensation Law Judge found that Birdair had been decedent's employer and was liable for the claim. The Worker's Compensation Board affirmed this decision, finding that decedent had been a general employee of Colonial and a special employee of Birdair and that Birdair was 100% liable for the claim, prompting this appeal by Birdair and its carrier.

It is well settled that the question of whether a general employee of one employer is also a special employee of another is a question of fact for the Board that will not be disturbed if supported by substantial evidence (*see Matter of Rosato v Thunderbird Constr. Co.*, 299 AD2d 670, 671-672; *Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937; *Matthews v Town of Morristown*, 286 AD2d 535, 536; *see also Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). While it is presumed that an employee remains in the employ of his or her general employer, this presumption can be overcome by a "clear demonstration" that control has been surrendered by the general employer and assumed by the special employer (*Thompson v Grumman Aerospace Corp., supra* at 557). Inasmuch as the record reflects that Birdair supplied all tools and equipment and directed the work of the Colonial employees, including decedent, we conclude that there was substantial evidence in the record to support the Board's determination holding Birdair solely liable for this claim.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.