RAYMUNDO RIBEIRO et al., Appellants, v DYNAMIC PAINTING CORPORATION et al., Respondents, et al., Defendant. [803 NYS2d 754]—

Crew III, J.P. Appeals (1) from an order and judgment of the Supreme Court (Sheridan, J.), entered October 15, 2004 in Albany County, which, inter alia, denied plaintiffs' motion for summary judgment, and (2) from an order and judgment of said court, entered October 15, 2004 in Albany County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

In July 1997, defendants Dynamic Painting Corporation (hereinafter Dynamic), Romano Enterprises, Inc. and Dynamic Painting Corporation/Romano Enterprises, Inc., a joint venture, entered into a contract with the State Thruway Authority for the cleaning and painting of the Castleton-on-Hudson Bridge. In conjunction therewith, the joint venture entered into subcontracts with certain minority contractors including, insofar as is relevant to this appeal, Wells Diversified Services, Inc., plaintiff Raymundo Ribeiro's employer. Thereafter, in October 1998, while performing sandblasting work on the bridge, Ribeiro either misstepped or the scaffold upon which he was standing slipped, causing him to fall and sustain certain injuries.

Ribeiro and his spouse, derivatively, thereafter commenced this action against, among others, Dynamic, Romano and the joint venture (hereinafter collectively referred to as defendants). Following joinder of issue and discovery, plaintiffs moved for summary judgment on their Labor Law § 240 (1) cause of action, and defendants moved for summary judgment dismissing the complaint against them based upon the exclusivity provisions of the Workers' Compensation Law. Supreme Court separately denied plaintiffs' motion and granted defendants' motion for summary judgment dismissing the complaint, prompting these appeals.

We affirm. Turning first to defendants' motion for summary judgment dismissing plaintiffs' complaint, the issue distills to whether Supreme Court properly determined that Ribeiro was a "special employee" of Dynamic for purposes of the bridge renovation project. "A special employee is described as one who is transferred for a limited time of whatever duration to the ser-

vice of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991] [citation omitted]; *see Walls v Sano-Rubin Constr. Co.*, 4 AD3d 599, 601 [2004]; *Matter of Mehar v Skyline Credit Ride*, 301 AD2d 808, 809 [2003]). Typically, whether a particular individual qualifies as a special employee is a question of fact (*see Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937 [2001]), but "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp., supra* at 557-558). Although that determination, in turn, is dependent upon a number of factors including, among others, the method of payment, ownership of equipment and the "relative nature of the work" (*Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 788 [1996], *lv dismissed* 88 NY2d 874 [1996]), "the key to the determination is who controls and directs the manner, details and ultimate result of the employee's work" (*id.* at 788).

Applying these principles to the matter before us, it is apparent that Supreme Court correctly concluded, as a matter of law, that Ribeiro was a special employee of Dynamic while performing work on the bridge project. Ribeiro testified that his supervisor was Juan Ramirez, also a Dynamic employee, and that Ramirez gave him his assignments during the days leading up to his accident. According to Ribeiro, although the name "Wells" appeared on his check, Wells had no supervisors on site and for "all intents and purposes, it was all Dynamic." Ribeiro further testified that he believed that Dynamic supplied his equipment for the project, and that he did not observe any equipment or vehicles belonging to Wells on the job site. Ramirez offered similar testimony, stating that he believed Wells acted as a payroll service for its employees and that to his knowledge, "everybody was working for Dynamic." With regard to Ribeiro, Ramirez testified that Ribeiro was an employee of Dynamic and that Ribeiro reported directly to him. Finally, Glenn Jacinto, an operations manager for Dynamic, testified that Ramirez was the project supervisor on the work site and that Ramirez was responsible for directing any Wells employees on site. Thus, as we are satisfied that a special employment relationship was established, we have no quarrel with Supreme Court's decision to grant the moving defendants' motion for summary judgment dismissing the complaint.*

As for plaintiffs' motion for summary judgment on their Labor

---

* Inasmuch as defendants were the general contractors for the project, the finding of a special employment relationship between Ribeiro and Dynamic

Law § 240 (1) cause of action, we agree with Supreme Court that the record as a whole presents various questions of fact as to the manner in which Ribeiro's accident occurred and the proximate cause of his resulting injuries. As Supreme Court aptly observed, "[t]he poor quality of the EBT descriptions of the immediate worksite and the absence from the motion record of supporting photographs preclude the [c]ourt from determining, as a matter of law, that [Ribeiro] fell from the scaffold, or that his fall was caused by the lack of railings thereon." Simply stated, resolution of those issues must await a trial and, as such, plaintiffs' motion for summary judgment was properly denied. Plaintiffs' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the orders and judgments are affirmed, with costs.

entitles all three defendants to summary judgment based upon the exclusivity provisions of the Workers' Compensation Law (see Rossi v C.C.O. Equip., 200 AD2d 933 [1994], lv denied 84 NY2d 802 [1994]).