■ In the Matter of the Claim of KYLE BORDENET, Respondent, v MAINES PAPER & FOOD SERVICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 715]—Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 30, 2006, which ruled that claimant's accident arose out of and in the course of his employment.

On December 22, 2005, claimant was injured when he slipped on ice in the visitor's parking lot at the warehouse where he worked. He went there to retrieve his paycheck, which he planned to cash at a nearby bank, before returning to the warehouse to work. He filed a claim for workers' compensation benefits which was denied by a Workers' Compensation Law Judge (hereinafter WCLJ) following a hearing. On August 11, 2006, claimant filed an application for review of the WCLJ's decision by the Workers' Compensation Board. A rebuttal to the application was not filed by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) until November 29, 2006. On November 30, 2006, the Board reversed the WCLJ's decision and ruled that claimant's accident arose out of and in the course of employment. In so doing, the Board noted that its file did not include a rebuttal by the carrier. The carrier now appeals.*

Initially, the carrier takes issue with the Board's failure to consider its rebuttal, which it concedes was not timely filed due to claimant's failure to serve a copy of the application for Board review upon its counsel. The Board's decision suggests that this omission was not intentional, but occurred because the Board had not yet received the rebuttal at the time it rendered its decision. Pursuant to 12 NYCRR 300.13 (e) (2), the Board retains the discretion to determine whether to accept or reject an untimely submission (*see e.g. Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]). In the instant case, the Board was not afforded the opportunity to exercise that discretion because it was unaware that the rebuttal had even been filed. Accordingly, the matter must be remitted to the Board to

---

* The carrier evidently also filed an application for full Board review that is still pending.

consider, in the exercise of its discretion, whether to accept the carrier's November 29, 2006 rebuttal. In view of our disposition, we need not address the carrier's remaining claim.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.