■ LEROY VESTAL et al., Plaintiffs, v YONKERS CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. J & B WELDING, INC., Third-Party Defendant-Appellant. [703 NYS2d 540] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered November 9, 1998 in Cortland County, which partially granted defendant's motion for summary judgment on its third-party complaint.

The facts underlying this action alleging, *inter alia*, violations of Labor Law §§ 200, 240 and 241 have been fully reviewed by this Court (257 AD2d 946) when we affirmed the denial of defendant's motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action. Although not reviewed therein, defendant initiated a third-party action against J & B Welding, Inc., plaintiff's employer, who served as its subcontractor. In the context of that action, defendant moved for summary judgment seeking J & B to, *inter alia*, defend, indemnify and hold it harmless from any judgment that may be taken against it in connection with the main action. Supreme Court granted defendant's motion to the extent of ordering J & B to defend and conditionally indemnify defendant and reimburse it for defense costs and fees it incurred to date. J & B appeals.

The agreement between defendant and J & B executed in connection with this construction project contained a provision in which J & B agreed as follows:

"to assume the entire responsibility and liability for and defense of and to pay and indemnify and hold [defendant] harmless from:

"(a) All claims for damages or injury * * * to any and all persons, including [J & B's] employees * * * resulting from, or arising out of any negligence, act, omission or fault on the part of [J & B] in connection with this [s]ubcontract, or resulting from, or arising out of the prosecution of the work hereunder or in connection therewith, and [J & B] shall save [defendant] harmless from, and against any and all loss and/or expense or damage which [defendant] may suffer, or pay as a result of claims or suits due to, because of or arising out of, any and all such injuries, deaths and/or damages and shall indemnify and save harmless [defendant] from any claims or suits by [J & B's] employees against [defendant] seeking recovery for personal injury * * * whether such claims or suits are based on negligence, passive or active, of the [o]wner, or otherwise. [J & B], if requested by [defendant] shall assume and defend, at [J & B's] own cost and expense, any suit, action or other legal proceeding arising therefrom. If [defendant] shall defend any suit, action or other legal proceeding, the cost and expense thereof shall be included within the meaning of the words 'costs and/or expense or damage' for which [J & B] shall be liable as provided for hereunder".

This agreement was in addition to a further contractual requirement that J & B secure a general liability policy naming defendant as an additional insured.

Notwithstanding these provisions, J & B contends that Supreme Court improperly granted the conditional order because the underlying accident was caused solely by the negligence of plaintiff; the only other possible contributing proximate cause would be something for which defendant would be directly and not vicariously liable. Before the obligation to defend and indemnify can arise, it contends that there must be a finding of wrongdoing on its part which brought about plaintiff's claim. We disagree.

Upon our review of the parties' contract and pretrial testimony, we find that the language of the contract unequivocally obligates J & B to assume the defense and indemnification of defendant for all claims or injuries arising out of the performance of this work. As the record indicates, at this juncture, that J & B was responsible for the safety and supervision of its workers and that defendant provided no direction or supervision to J & B's employees, defendant may only be found to be vicariously liable from passive negligence. Since the order to defend and indemnify defendant was conditional, it clearly accounted for any future finding of active negligence by defendant—a determination which might indeed prohibit the

enforcement of the contractual indemnification clause pursuant to General Obligations Law § 5-322.1 (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794-795; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 175; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 993).

Because the additional insurance policy secured by J & B naming defendant as an additional insured will not serve to relieve or abrogate J & B's obligation to defendant as a party vicariously liable under the Labor Law (*see, Chapel v Mitchell*, 84 NY2d 345, 347-348), we find no error in the conditional order requiring J & B to defend, indemnify and hold defendant harmless for any judgment that may be taken against it in connection with this action (*see, Tambasco v Norton Co.*, 207 AD2d 618, 621-622, *lv dismissed* 85 NY2d 857; *Dewitt v Pizzagalli Constr. Co.*, *supra*, at 992).

The order of Supreme Court is affirmed in its entirety.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.