■ RALPH IVES, Respondent, v ALLARD CHIROPRACTIC OFFICE, P. C., et al., Appellants. [711 NYS2d 85] —Mugglin, J. Appeal from an order of the Supreme Court (Marinelli, J.), entered August 17, 1999 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

In this medical malpractice action, defendants appeal Supreme Court's order denying their motion for summary judgment. Defendants contend that Supreme Court's decision was erroneous since the opposition of plaintiff consisted simply of his attorney's affidavit.

The action stems from chiropractic treatment rendered by defendant David J. Cerniglia, owner of defendant Allard Chiropractic Office, P. C. Plaintiff's medical history revealed 15 years of treatment for various back problems, aggravated by a recent golf match. Cerniglia obtained this history and, after physical examination, diagnosed plaintiff with a possible bulge/herniation of the L4-L5 region of the spine. The chiropractic treatment consisted of manual traction of the lumbar spine and the application of ice and electrical stimulation. Following the treatment, plaintiff was unable to rise from the table without help and, at the chiropractor's suggestion, went immediately to a local medical center where an MRI was performed and pain medication prescribed. Plaintiff was diagnosed with having disc fragments in his back requiring surgical intervention. According to the complaint, the chiro-

practic treatment rendered by Cerniglia caused an exacerbation of his low back difficulties resulting in severe pain, suffering and disability.

We affirm. "It is beyond cavil that in support of a motion for summary judgment, the movant must establish an entitlement to judgment as a matter of law by producing evidence demonstrating the absence of any genuine issues of fact" (*Horth v Mansur*, 243 AD2d 1041, 1042 [citations omitted]). Once this obligation has been met, the burden shifts to the opposing party to produce evidence demonstrating the existence of a genuine triable issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Supreme Court found, and we agree, that genuine triable issues of fact exist concerning whether the treatment rendered by defendants to plaintiff involved the application of rotational force and whether such force exacerbated a preexisting bulging/herniated disc. The experts' affidavits submitted by defendants in support of their motion for summary judgment do not acknowledge that Cerniglia applied any rotational force to plaintiff's spine. Rather, they adopt Cerniglia's factual version of the treatment rendered and opine that such treatment could not *cause* a disc herniation. As such, the medical opinions are insufficient to shift the burden to plaintiff to produce evidence that a rotational force, negligently applied, could *aggravate* an existing herniation, which is the cause of action pleaded in the complaint. Finally, we observe that whether Cerniglia applied a rotational force to plaintiff requires the resolution of issues of credibility, which issues should be resolved by the trier of fact (*see, Rickert v Travelers Ins. Co.*, 159 AD2d 758, *lv denied* 76 NY2d 701). Accordingly, moving defendants failed to establish a prima facie entitlement to judgment as a result of which their motion for summary judgment was properly denied.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.