■ SHANE ARMSTRONG, Appellant, v FOXCROFT NURSERIES, INC., Respondent. [724 NYS2d 551] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 30, 2000 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an equipment operator, was injured while working on a landscape construction project in Connecticut. The injury occurred when he attempted to adjust the forks on a forklift and one of the forks fell on his leg. Crow and Sutton Associates (hereinafter C & S), a corporation, was the landscape contractor for the project and the forklift was owned by defendant. After issue was joined in this personal injury action arising out of plaintiff's work-related accident, defendant moved for summary judgment on the ground that the action is barred as a result of plaintiff's receipt of workers' compensation benefits and his status as a special employee of defendant. Supreme Court granted the motion and plaintiff appeals. We reverse.

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another [citation omitted]" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). "Although a determination concerning a worker's status as a 'special employee' is generally a question of fact, summary judgment may nevertheless be granted where the relevant facts establish that the special employer controlled and directed the manner, details and ultimate result of the employee's work [citations omitted]" (*Jaynes v County of Chemung*, 271 AD2d 928, 929-930, *lv denied* 95 NY2d 762). Summary judgment is not appropriate, however, when the alleged special employer's exclusive control and direction of the manner, details and ultimate results of the employee's work have not been incontrovertibly established (*see, Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998). In this case, defendant submitted no evidence that, as the alleged special employer, it had exclusive control and direction over the manner, details and ultimate result of the work being performed by plaintiff at the time of his injury.

It is undisputed that defendant, C & S and a third corporation were owned in whole or in part by James Sutton and his wife and that the three corporations had common management. It is also undisputed that plaintiff performed work for all three corporations, but there is no evidence that he did so simultaneously or in a dual capacity (*cf.*, *Levine v Lee's Pontiac*, 203 AD2d 259). Rather, he apparently performed work for one corporation at a time and was paid by the particular corporation for which he performed work. The record further demonstrates that defendant and C & S were engaged in separate and distinct businesses. Defendant was in the business of growing trees and corn, which it conducted at its yard or nursery, while C & S was in the business of landscape contracting, which was conducted at landscape project sites. Other than leasing the forklift to C & S, defendant had no involvement in the project where plaintiff was injured.

Regardless of whether C & S or Sutton is considered to be the general employer, the record fails to demonstrate as a matter of law that the general employer relinquished direction and control over plaintiff and that defendant, a separate and distinct corporation which had no involvement in the landscape contracting business, assumed direction and control over plaintiff while he worked at a landscape construction project for which C & S was the landscape contractor. Accordingly, defendant failed to demonstrate its entitlement to judgment as a matter of law on the issue of plaintiff's status as its special employee (*see*, *Puckett v County of Erie*, 244 AD2d 865; *Singh v Metropolitan Constr. Corp.*, 244 AD2d 328).

Neither the close relationship between C & S and defendant nor Sutton's involvement in the management of both corporations establishes defendant's entitlement to summary judgment. Contrary to Supreme Court's conclusion, the record fails to demonstrate as a matter of law the existence of a corporate alter ego or joint venture that would warrant application of the exclusivity provisions of the Workers' Compensation Law in this case (*compare*, *Wernig v Parents & Bros. Two*, 195 AD2d 944, *with Kudelski v 450 Lexington Venture*, 198 AD2d 157). "The individual princip[als] in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from * * * common-law tort liability" (*Buchner v Pines Hotel*, 87 AD2d 691, 692, *affd* 58 NY2d 1019).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.