■ DAVID P. McGREEVY et al., Respondents, v DEIRDRE F. JAMESON et al., Defendants, and BONDED CONCRETE, INC., Appellant. [752 NYS2d 412] —Rose, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 27, 2002 in Rensselaer County, which denied a motion by defendant Bonded Concrete, Inc. for summary judgment dismissing the complaint against it.

On October 28, 1998, a concrete mixer truck owned by defendant Bonded Concrete, Inc. (hereinafter defendant) and being driven by plaintiff David P. McGreevy (hereinafter plaintiff), who had been hired as a truck driver by Capital Cities Leasing Corporation in 1995, collided with a vehicle driven by defendant Deirdre F. Jameson. Thereafter, plaintiff and his spouse, derivatively, commenced this action alleging that, inter alia, defendant was negligent in maintaining its truck. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff was its special employee at the time of the accident and he is receiving workers' compensation benefits (*see* Workers' Compensation Law § 29 [6]). Finding a triable issue as to plaintiff's status as a special employee, Supreme Court denied the motion, and this appeal ensued.

We affirm. The existence of a special employment is generally a factual issue and may be determined as a matter of law only where the undisputed facts compel that conclusion (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558; *Sherman v Reynolds Metals Co.*, 295 AD2d 843, 844). More specifically, the presumption of continued general employment must be overcome by a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp.*, supra at 557; *see Szymanski v Aramark Facility Servs.*, 297 AD2d 829). Although defendant made a prima facie showing sufficient to overcome the presumption, we nonetheless agree with Supreme Court's conclusion that plaintiffs raised a material issue of fact as to plaintiff's status as a special employee of defendant (*see Sherman v Reynolds Metals Co.*, supra at 844).

Defendant presented undisputed evidence that on a daily

basis, plaintiff operated one of its trucks in performing his work, picked up the truck at its place of business, reported to Phillip Clemente, defendant's plant manager, and received load slips from Clemente specifying the amounts and destinations of the concrete he was to transport for defendant. Also, Clemente averred that he was plaintiff's supervisor and directed plaintiff's day-to-day activities, assigned and controlled plaintiff's work, and had the power to reprimand or fire plaintiff. We view this evidence of who controlled and directed plaintiff's work as sufficient to meet defendant's initial burden of proof and shift the burden to plaintiffs to show that not all aspects of the control of plaintiff's work were surrendered to defendant.

To meet this burden, plaintiff asserted that his supervisor was a person known to him only as "Matt," an employee of Certified Road, Inc., a separate corporation which apparently worked closely with both Capital Cities and defendant, and that he did not consider himself to be an employee of defendant. While these allegations standing alone are too conclusory to raise an issue of fact as to which corporation supervised him, plaintiff also asserts that he was reprimanded in writing by Matt for driving too fast in defendant's plant yard. This claim is confirmed by the deposition testimony of Thomas Clemente, defendant's president, and undisputed by defendant. Nor does defendant dispute plaintiff's assertion that he was hired, trained and paid by Capital Cities. Thus, despite defendant's proof that its plant manager provided plaintiff with his daily work assignments, we find that plaintiffs' submissions are sufficient to raise a material issue of fact as to whether Capital Cities surrendered, and defendant assumed, all control and supervision of plaintiff's work. Accordingly, Supreme Court did not err in denying defendant's motion for summary judgment.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.