■ DAVID JORDAN, Respondent, v BLUE CIRCLE ATLANTIC, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, and FLACH INDUSTRIES, INC., Appellant. LVR INSTALLATIONS, INC., Third-Party Defendant-Appellant. [762 NYS2d 647] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 24, 2002 in Albany County, which denied defendants' and third-party defendant's motions for summary judgment.

Plaintiff, employed as a mason for third-party defendant, LVR Installations, Inc., had been installing brick into the base of a kiln owned and operated by defendant Blue Circle Atlantic, Inc. when he was struck on the hand and seriously injured by a falling 30-pound brick. The brick was allegedly dropped by Jeffrey Boehlke, a laborer employed by defendant J.R. Hall, Inc. (hereinafter Hall), who had been assisting plaintiff by handing him the bricks from a nearby pallet. Boehlke, however, alleges that Shannon O'Brien, a laborer employed by defendant Flach Industries, Inc., had been sliding bricks across the pallet to Boehlke and other laborers when one fell off the edge of the pallet and struck plaintiff's hand.

Plaintiff commenced this personal injury action against Blue Circle, Hall and Flach alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Blue Circle and Hall thereafter commenced third-party actions against LVR, both seeking contribution and/or indemnification, and Blue Circle also alleged a cause of action against LVR for breach of contract by failing to name Blue Circle as an additional insured on its insurance policy. After discovery, defendants and LVR moved for summary judgment seeking dismissal of plaintiff's complaint and all cross claims and/or counterclaims on the grounds that plaintiff's injury was not caused by the type of elevation-related risk Labor Law § 240 (1) seeks to protect, that plaintiff's Labor Law § 241 (6) claim fails to allege a specific regulatory violation, and that none of the defendants controlled or directed the means or manner of the work which resulted in plaintiff's injury, thereby absolving each of liability under Labor Law § 200 and common-law negligence. Supreme Court denied all motions and, in a written decision that addressed only the issue of who controlled the work site, found a number of factual contradictions regarding work site control precluding summary judgment to any party on that ground. LVR, Flach, Hall and Blue Circle appeal from Supreme Court's order.

Addressing the issue of who controlled and supervised the work activity which brought about plaintiff's injury, we agree

with Supreme Court that issues of fact required denial of all motions for summary judgment premised on this issue. Hall and Flach argue that its laborers, Boehlke and O'Brien, respectively, were special employees of Blue Circle for purposes of the kiln renovations project and, therefore, they were insulated from liability. Blue Circle denies such special employment and joins Flach and Hall in further arguing that plaintiff cannot establish liability under either a common-law negligence theory or pursuant to Labor Law § 200 because no showing was made that any of those parties exerted any degree of supervision or control over plaintiff's work. Alternatively, Blue Circle argues that if a special relationship is found to exist with respect to Boehlke and/or O'Brien, the same special employment relationship must extend to plaintiff and the Workers' Compensation Law, therefore, provides plaintiff with an exclusive remedy, requiring the dismissal of the instant action.

This record does not persuasively demonstrate that Blue Circle exerted control over the manner, details and ultimate result of the employee's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]; *Jaynes v County of Chemung*, 271 AD2d 928, 930 [2000], *lv denied* 95 NY2d 762 [2000]). Notwithstanding deposition testimony that indicates that Blue Circle provided workers for all subcontractors with safety training and supplied equipment and materials to complete the renovations to the kiln, there was also testimony that Hall, Flach and LVR each paid its employees' wages, provided safety training and provided some equipment relevant for the project. Additionally, all had supervisors present at the site who possessed at least some degree of authority over their employees, and the purchase orders which Blue Circle executed with Hall, Flach and LVR state that each company was to perform under the agreement as independent contractors with sole control over the manner and means of performing the work. Accordingly, questions of fact are raised concerning whether Blue Circle had a special employment relationship with Boehlke (Hall), O'Brien (Flach) or Jordan (LVR) (*see Thompson v Grumman Aerospace Corp., supra* at 558; *McGreevy v Jameson*, 300 AD2d 897, 897 [2002]; *Jaynes v County of Chemung, supra* at 930), and whether the moving parties exercised supervision or control of the activities which brought about plaintiff's injury so as to impose liability pursuant to Labor Law § 200 or through principles of common-law negligence (*see Sajta v Latham Four Partnership*, 282 AD2d 969, 970 [2001]; *Bailey v Irish Dev. Corp.*, 274 AD2d 917, 920-921 [2000]; *Cole v Rappazzo Elec. Co.*, 267 AD2d 735, 737-738

[1999]; *McGuire v Independent Cement Corp.*, 255 AD2d 646, 647-648 [1998]).

Turning to those issues raised by the respective motions but not addressed by Supreme Court in its written decision, we find the record insufficient to allow us to resolve Blue Circle's third-party breach of contract claim against LVR as a matter of law and affirm that portion of Supreme Court's order denying LVR's motion for summary judgment on that issue.

However, we come to a different conclusion regarding plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6). In order to establish a viable claim pursuant to Labor Law § 241 (6), it is well settled that plaintiff is required to allege that defendants violated a concrete specification of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]). Plaintiff's pleadings allege no specific regulatory violation and his section 241 (6) cause of action should have been dismissed.

Likewise, we conclude that, on the facts set forth in the record, the special elevation risks encompassed by Labor Law § 240 (1) are not implicated. Here, Boehlke was working at the same level when he was providing plaintiff with bricks from a nearby pallet. Plaintiff testified that the brick was dropped as Boehlke handed it to him. This was also the version of the accident asserted in plaintiff's pleadings and accepted in the affidavit of plaintiff's expert. Indeed, much of the expert's criticism focused on the type of gloves provided to Boehlke, a theory not argued on appeal with respect to the section 240 cause of action. The expert's further indication that a "safer alternative" would have been "the utilization of a manual lift or hoist" to move the bricks "from a height of five to six feet down to the ground" fails to bring the matter within the ambit of section 240 since merely moving a brick from a pallet to its area of placement—although involving some change in relative elevation—does not come within "the special elevation risks contemplated by the statute" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 844 [1994]). Simply stated, regardless of whether the brick was dropped by Boehlke or was caused to fall five to six feet from the top of the pallet as a result of the action of O'Brien, we do not view either gravity-related occurrence as fitting within the Legislature's intended application of Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 270 [2001]; *Rodriguez v Margaret Tietz Ctr. for Nursing Care, supra*; *Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781 [1993]; *Sutfin v Ithaca Coll.*, 240 AD2d 989 [1997]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' and third-party defendant's motions for summary judgment on the Labor Law § 240 (1) and § 241 (6) causes of action; said motions granted to that extent, partial summary judgment awarded to defendants and third-party defendant and said causes of action dismissed; and, as so modified, affirmed.