■ JOHN NELSON, Appellant, v SHANER CABLE, INC., Doing Business as EL-MAR COMMUNICATIONS Co., et al., Respondents. [770 NYS2d 498]—

Appeal from an order of Supreme Court, Cattaraugus County (Nenno, J.), entered December 11, 2002, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part, reinstating the complaint against defendant Shaner Cable, Inc., doing business as El-Mar Communications Co., and granting the cross motion contingent upon a determination at trial that the complaint is not barred by the exclusivity provisions of the Workers' Compensation Law and as modified the order is affirmed without costs.

Memorandum: We agree with plaintiff that Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the complaint against defendant Shaner Cable, Inc., doing business as El-Mar Communications Co. (El-Mar), as barred by the exclusivity provisions of the Workers' Compensation Law. Plaintiff was injured when he slipped while descending a telephone pole during the course of installing cable television service for a customer of El-Mar. The cable hardware that plaintiff was installing, and the cable line on which plaintiff was working, were owned by El-Mar, which leased the right to install its equipment on the telephone pole from the relevant utilities. After he was injured, plaintiff applied for and received workers' compensation benefits based on his employment with the Shaner Hotel Group, doing business as the Shaner Operating Group (Shaner Hotel Group). In granting defendants' motion for summary judgment dismissing the complaint in its entirety, the court determined that the "Shaners' multiple business entities," including El-Mar and the Shaner Hotel Group, are alter egos of each other. Defendants' moving papers, however, fail to establish defendants' entitlement to judgment as a matter of law on that issue inasmuch as they do not show that each of those multiple business entities "completely ignored" the separate identities of the others (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980],

*rearg denied* 52 NY2d 829 [1980]). "The [business] structure [defendants] created should not lightly be ignored at their behest, in order to shield one of the entities they created from . . . common-law tort liability" (*Buchner v Pines Hotel,* 87 AD2d 691, 692 [1982], *affd* 58 NY2d 1019 [1983]; *see Richardson v Benoit's Elec.*, 254 AD2d 798, 799 [1998]).

Alternatively, the court determined that plaintiff was a special employee of El-Mar. Even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law on that issue, we conclude that plaintiff raised an issue of fact whether "all aspects of the control of plaintiff's work were surrendered to [El-Mar]" (*McGreevy v Jameson,* 300 AD2d 897, 898 [2002]) rather than in part to another Shaner business entity as well. We thus conclude that there is an issue of fact whether plaintiff was a special employee of El-Mar or that other Shaner business entity (*see Jordan v Blue Circle Atl.,* 306 AD2d 741, 742-743 [2003]).

We note that defendants contend on appeal, as they did in Supreme Court, that El-Mar was plaintiff's "direct employer" for purposes of the Workers' Compensation Law. Plaintiff, however, conclusively established that workers' compensation benefits were maintained for him by the Shaner Hotel Group and that the Shaner Hotel Group filed the required reports with the Workers' Compensation Board in its name as plaintiff's employer.

Finally, we conclude that the court should have granted plaintiff's cross motion seeking partial summary judgment on liability against El-Mar under Labor Law § 240 (1) contingent upon a determination at trial that the complaint against El-Mar is not barred by the exclusivity provisions of the Workers' Compensation Law. Plaintiff established in support of his cross motion that "the absence of . . . a safety device was the proximate cause of his . . . injuries" (*Felker v Corning Inc.,* 90 NY2d 219, 224 [1997]), and defendants failed to raise a triable issue of fact.

We therefore modify the order by denying defendants' motion in part, reinstating the complaint against El-Mar and granting plaintiff's cross motion contingent upon a determination at trial that the complaint is not barred by the exclusivity provisions of the Workers' Compensation Law. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.