■ CHARLES WALLS, Respondent, v SANO-RUBIN CONSTRUCTION COMPANY, INC., et al., Respondents-Appellants, and AM CONTRACTING, LLC, Appellant-Respondent. [771 NYS2d 603]—

Spain, J. (1) Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered July 3, 2002 in Schenectady County, which, inter alia, granted a motion by defendant AM Contracting, LLC for summary judgment dismissing the complaint and all cross claims against it, and (2) cross appeals from an order of said court, entered December 5, 2002 in Schenectady County, which, upon reargument, partially reinstated the complaint against defendant AM Contracting, L.L.C. and reinstated all cross claims against said defendant.

In this action, plaintiff seeks to recover for injuries that he sustained while employed as a construction laborer at a building owned by defendant Schenectady Day Nursery (hereinafter SDN). At the time he was injured, plaintiff was employed by Mossbrook, Inc., a subcontractor hired by defendant Sano-Rubin Construction Company, Inc., the general contractor on the proj-

ect, to do the demolition work needed in the building. Sano-Rubin hired a different subcontractor, defendant AM Contracting, LLC (hereinafter AMC), to perform acoustical ceiling work in the building. Plaintiff alleges that his injuries were caused by the negligence of an employee of AMC, Marvin Easterling, who was assisting Mossbrook with a demolition job. The complaint alleges violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence against SDN and Sano-Rubin, and common-law negligence and vicarious liability against AMC. SDN and Sano-Rubin cross-claimed against AMC for contractual and common-law indemnification.

Following joinder of issue and discovery, AMC moved for summary judgment dismissing the complaint and all cross claims against it on the ground that Easterling was working for Mossbrook at the time of the accident and, thus, plaintiff was injured by a co-employee and subject to the exclusive remedy under Workers' Compensation Law § 29 (6). Alternatively, AMC argued that plaintiff could not establish common-law negligence. Plaintiff cross-moved against SDN and Sano-Rubin for partial summary judgment on liability under Labor Law § 240 (1). SDN and Sano-Rubin also cross-moved against plaintiff for summary judgment dismissing the Labor Law §§ 200 and 240 (1) causes of action and against AMC for indemnification and defense.

After Supreme Court rendered an initial decision entered in July 2002 on these motions, SDN and Sano-Rubin moved for reargument, seeking (1) to reinstate certain claims against AMC which had been dismissed by Supreme Court's initial decision and (2) summary judgment with respect to their cross claims against AMC for indemnification and defense. By order entered December 5, 2002, Supreme Court granted reargument and then reinstated that part of the complaint seeking to hold AMC liable to plaintiff under the principle of vicarious liability. The court also reinstated the cross claims of SDN and Sano-Rubin against AMC for indemnification and defense, but denied SDN and Sano-Rubin summary judgment on those issues. SDN and Sano-Rubin appeal from both the July 2002 order and December 2002 order and AMC appeals from the December 2002 order.*

We turn first to AMC's contention that plaintiff's negligence

---

* The July 2002 order also dismissed plaintiff's Labor Law §§ 200 and 240 (1) claims against SDN and Sano-Rubin and all his claims against AMC. Plaintiff did not appeal from this order. In its December 2002 order, Supreme Court, while reinstating plaintiff's cause of action against AMC sounding in vicarious liability for the negligence of its employees, left undisturbed its dismissal of plaintiff's claim against AMC on the theory of active negligence. Having not been raised by any party, that issue is not before us on appeal.

claim premised upon vicarious liability is barred by Workers' Compensation Law § 29 (6) because Easterling (AMC's employee) was a special employee of Mossbrook (plaintiff's employer). In our view, Supreme Court properly concluded that AMC failed to demonstrate, as a matter of law, that Easterling was a special employee of Mossbrook and, thus, correctly reinstated both plaintiff's vicarious liability claim against AMC and the cross claims of SDN and Sano-Rubin against AMC for indemnification and defense. Special employee status is created when a person is temporarily transferred to the service of another (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Matter of Mehar v Skyline Credit Ride*, 301 AD2d 808, 809 [2003]) and is primarily a factual inquiry depending upon, among other things, " 'the right to control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work' " (*Sherman v Reynolds Metals Co.*, 295 AD2d 843, 844 [2002], quoting *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787-788 [1996], *lv dismissed* 88 NY2d 874 [1996]). Although no one factor is decisive, a key element is the question of " 'who controls and directs the manner, details and ultimate result of the employee's work' " (*Eddy v White*, 304 AD2d 959, 960 [2003], quoting *Thompson v Grumman Aerospace Corp., supra* at 558). "[S]ummary judgment is not appropriate . . . when the alleged special employer's exclusive control and direction of the manner, details and ultimate results of the employee's work have not been incontrovertibly established" (*Armstrong v Foxcroft Nurseries*, 283 AD2d 814, 814 [2001]).

AMC has failed to demonstrate that Mossbrook assumed—or that AMC relinquished—exclusive control and direction of Easterling's work on the day of the accident. AMC was engaged that day in the task of laminating sheetrock to the ceiling on the third floor of the building and AMC's supervisor on the job sent Easterling to work with several Mossbrook employees to dismantle the ceiling and clear the workspace. This task involved debris removal which included tossing materials from the third floor to a dumpster on the ground. Plaintiff was injured when, while standing on the ground, he was struck by a piece of wood dropped by Easterling from above. The evidence regarding who directed the manner of the demolition and cleanup is conflicting, at best. AMC's supervisor directed Easterling to help with the demolition and expected him to immediately return to him when he was finished to receive further instruction. It is unclear from the record which, if any, Mossbrook employee took charge of the ceiling demolition that day. The mere fact that Easterling was working alongside

Mossbrook employees, without more, is insufficient to establish special employee status. Accordingly, Supreme Court properly denied AMC summary judgment on plaintiff's negligence claim (*see Jordan v Blue Circle Atl.*, 306 AD2d 741, 741-742 [2003]; *McGreevy v Jameson*, 300 AD2d 897, 898 [2002]; *Armstrong v Foxcroft Nurseries, supra* at 815).

Turning to the contentions on appeal by SDN and Sano-Rubin, we find merit in their assertion that summary judgment was warranted on their cross claims against AMC for contractual indemnification and defense. The comprehensive indemnification clause in the agreement between AMC and the general contractor provides: To the fullest extent permitted by law, [AMC] shall indemnify and hold harmless [SDN and Sano-Rubin] from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of [AMC's] work under this Subcontract . . . but only to the extent caused in whole or in part by negligent acts or omission of [AMC], . . . anyone directly or indirectly employed by them or anyone for whose acts they may be liable. AMC's duties under the subcontract included debris removal and cleanup related to its work under the contract, as well as taking reasonable safety precautions on the work site. AMC's supervisor testified that, on the day of the accident, he ordered Easterling to assist the Mossbrook workers in completing that task, having determined that it would be easier, more cost-effective and safer to remove the insulation and firring strips before installing the ceiling. It was also established that Easterling's duties for AMC included the task of removing debris left from demolition work. Under these circumstances, there can be no serious dispute that the alleged negligence of Easterling arose out of the performance of AMC's work under the contract (*see Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 843 [1995]). Further, the contract renders AMC responsible for the negligence of "anyone directly or indirectly employed by [AMC] or anyone for whose acts [AMC] may be liable," which we interpret to be sufficiently broad to cover the acts of Easterling, its employee, regardless of whether Easterling is ultimately deemed to have been a temporary special employee of Mossbrook. Thus, we conclude, as a matter of law, that the contractual indemnification provision applies under the facts alleged. It having been established—by virtue of the dismissal of plaintiff's Labor Law §§ 200 and 240 (1) claims and the fact that there is no evidence that SDN or Sano-Rubin provided direction or supervision of the work performed—that SDN and Sano-Rubin were not actively negligent, we find that they are entitled to contractual indemnification from AMC (*see*

*Vestal v Yonkers Contr. Co.*, 268 AD2d 872, 873-874 [2000]; *Doyne v Barry, Bette & Led Duke*, 246 AD2d 756, 759-760 [1998]; *Dunlap v United Health Servs.*, 189 AD2d 1072, 1074 [1993]).

In light of our conclusion that AMC is contractually obligated to indemnify and defend SDN and Sano-Rubin, we need not address their contentions that they also are entitled to common-law indemnification.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order entered July 3, 2002 is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Schenectady Day Nursery and Sano-Rubin Construction Company for summary judgment on their cross claims for indemnification and defense against defendant AM Contracting, LLC; motion granted to that extent and summary judgment awarded to said defendants on said cross claims; and, as so modified, affirmed. Ordered that the order entered December 5, 2002 is affirmed, without costs.