Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered August 29, 2007 in a personal injury action. The judgment dismissed the complaint upon a jury verdict in favor of defendant.
It is hereby ordered that the judgment so appealed from is *1284 unanimously reversed on the law without costs, the complaint is reinstated and a new trial is granted on liability.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while installing cable television service for a customer of defendant, Shaner Cable, Inc., doing business as El-Mar Communications Co. (El-Mar). El-Mar and other former defendants previously moved for summary judgment dismissing the complaint as barred by the exclusivity provisions of the Workers’ Compensation Law, and plaintiff cross-moved for partial summary judgment on liability. On a prior appeal from the order granting the motion and denying the cross motion, this Court modified the order by denying the motion with respect to El-Mar and granting plaintiff’s cross motion “contingent upon a determination at trial that the complaint against El-Mar is not barred by the exclusivity provisions of the Workers’ Compensation Law” (Nelson v Shaner Cable, 2 AD3d 1371, 1373 [2003]). We concluded that defendants had failed to establish as a matter of law that “the ‘Shaners’ multiple business entities,’ including El-Mar and the Shaner Hotel Group,” doing business as the Shaner Operating Group (Shaner Hotel Group), were alter egos of each other, such that the workers’ compensation benefits received by plaintiff based on his employment with Shaner Hotel Group were his exclusive remedy (id. at 1372). Supreme Court had determined in the alternative that plaintiff was a special employee of El-Mar, and we concluded on the prior appeal that there was an issue of fact whether plaintiff was a special employee of El-Mar or another Shaner business entity (see id. at 1373). The court thereafter conducted a bifurcated trial on the alter ego and special employee issues. The jury returned a verdict finding that El-Mar was the alter ego of Shaner Hotel Group and that plaintiff was a special employee of El-Mar. Judgment was thus entered in favor of El-Mar.
We agree with plaintiff that he is entitled to a new trial because the court erred in instructing the jury that he had “the burden of proving that [El-Mar] was not his employer.” Generally, workers’ compensation is an exclusive remedy and, “whenever it appears or will appear from a plaintiffs pleading, bill of particulars or the facts that the plaintiff was an employee of the defendant, the obligation of alleging and, in any event, of proving noncoverage falls on the plaintiff’ (Murray v City of New York, 43 NY2d 400, 407 [1977], rearg dismissed 45 NY2d 966 [1978]; see generally O’Rourke v Long, 41 NY2d 219, 222 [1976]). Here, however, employment was the ultimate issue of fact for the jury. We therefore conclude that the burden was on *1285 El-Mar, “in the first instance, to satisfactorily demonstrate that plaintiff was in fact in its employ” (Vaughn v City of New York, 108 Misc 2d 994, 996 [1980], affd 89 AD2d 944 [1982]). We therefore reverse the judgment, reinstate the complaint and grant a new trial on liability. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.