▬ Roger Callaghan, Appellant-Respondent, v The Point at Saranac Lake, Inc., Respondent, and Brian Crawford, Respondent-Appellant. [921 NYS2d 356]—

Stein, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered April 5, 2010 in Franklin County, which, among other things, denied plaintiff and defendants' motions for summary judgment.

Plaintiff commenced this action in June 2004 to recover damages for injuries he sustained in February 2003 when defendant Brian Crawford, while driving a vehicle owned by defendant the Point at Saranac Lake, Inc. (hereinafter the Point) in the course of his employment, accidently hit the gas pedal instead of the

---

brake pedal, pinning plaintiff between the car and a brick wall. Defendants interposed affirmative defenses pursuant to the Workers' Compensation Law, which expressly limits recovery for workplace-related injuries in actions against employers and coemployees to the compensation provided under the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]).[1]

At all relevant times, the Point was owned by parent company the Garrett Hotel Group, Inc. (hereinafter Garrett). When plaintiff applied for and received workers' compensation benefits in connection with the February 2003 incident, he listed the Point as his employer on his C-3 form. However, the C-2 form that was prepared and filed by Tim Thuell, then general manager of the Point, identified Garrett as plaintiff's employer. In its 2003 decision, the Workers' Compensation Board delineated Garrett as plaintiff's employer and continued to so reference Garrett in subsequent notices and decisions. In addition, Garrett referred to itself as plaintiff's employer in various submissions to the Board. In early 2009, Garrett asserted for the first time at workers' compensation hearings that it was not plaintiff's employer. The Workers' Compensation Law Judge (hereinafter WCLJ) refused to change the name of the employer because Garrett was the employer of record and indicated that the parties could address the issue in Supreme Court. Upon administrative review, the Board agreed with the WCLJ and declined to modify the caption as to the identity of plaintiff's employer.

During the pendency of this action, plaintiff moved to compel production of certain previously demanded documents, including all reports related to the accident—to which only Garrett responded—and information regarding the employment relationships of Garrett, the Point, plaintiff and Crawford. After Supreme Court directed the Point to produce the requested documents, the Point complied by submitting all documents in its possession related to Crawford's employment. However, at a subsequent deposition of Melissa Wolfe, Garrett's Director of Human Resources, it was revealed that personnel files for plaintiff and Crawford were unavailable due to the fact that they were either lost or destroyed in the course of the transfer of the files from the Point's office in New York to Garrett's Vermont office.

Plaintiff then moved for summary judgment, asserting, among other things, that the Board's decision that Garrett was his

---

**1.** Defendants assert that plaintiff and Crawford were both employees of the Point.

employer should be given preclusive effect, that defendants' affirmative defenses should be dismissed and that the Point's answer should be stricken as a spoliation sanction. The Point and Crawford both cross-moved for summary judgment on the basis of their exclusivity defenses. Supreme Court determined that factual issues precluded summary judgment and denied all of the motions. Plaintiff and Crawford now appeal.

Initially, we discern no error in Supreme Court's denial of plaintiff's request to strike the Point's answer based upon the alleged spoliation of evidence. Plaintiff did not demonstrate that he was prejudiced by the loss of the personnel files or that such loss was attributable to deliberate or negligent conduct on the part of the Point (*see Scordo v Costco Wholesale Corp.*, 77 AD3d 725, 727 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). In fact, a portion of the lost files, the C-2 form, has been reproduced and is included in the record, and plaintiff has failed to demonstrate that other evidence, such as Thuell's handwritten report of the accident, is crucial to his case. Under the circumstances here, we perceive no abuse of Supreme Court's broad discretion in determining what sanction, if any, to impose (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *Jones v General Motors Corp.*, 287 AD2d 757, 760 [2001]), and we therefore decline to disturb its determination.

Turning to the merits, we reject plaintiff's contention that the Board's designation of Garrett as his employer is binding on the parties in this action pursuant to the doctrine of collateral estoppel. The Board did not specifically adjudicate the issue of employer status (*see Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 680 [2009]). Rather, the Board expressly indicated that it adopted Garrett as the employer based on the C-2 form that was filed approximately six years before the issue was raised and denied the Point's request for modification of the caption because it was untimely. In doing so, the Board stated that the issue of the identity of plaintiff's employer should be raised before Supreme Court. Thus, collateral estoppel is inapplicable (*see Weitz v Anzek Constr. Corp.*, 65 AD3d at 680). Additionally, since Crawford was not a party to the workers' compensation proceeding, he would not be bound by a determination of the Board (*see Matter of Howard v Stature Elec., Inc.*, 72 AD3d 1167, 1169 [2010], *lv dismissed* 15 NY3d 906 [2010]).

We also agree with Supreme Court's determination that a question of fact exists as to who employed plaintiff, which precludes an award of summary judgment to either party on this issue (*see Caiola v Allcity Ins. Co.*, 257 AD2d 586, 588 [1999]). As indicated, Garrett was denominated as plaintiff's

employer on the C-2 form and other submissions to the Board. On the other hand, Wolfe testified consistently with plaintiff and Crawford that they were both employees of the Point and discussed various indicia of such employment. In apparent contrast to that testimony, the evidence showed that Crawford had been awarded a certificate of completion from Garrett for certain training. Because Crawford failed to demonstrate as a matter of law that he and plaintiff were coemployees acting within the scope of their employment (*see Macchirole v Giamboi*, 97 NY2d 147, 150 [2001]),[2] and plaintiff failed to establish the contrary, summary judgment as to the issue of defendants' liability was properly denied.

Finally, we address the propriety of Supreme Court's denial of that portion of plaintiff's summary judgment motion relating to the issue of serious injury. Pursuant to Insurance Law § 5102 (d), a serious injury includes, among other things, a fracture. Here, plaintiff plainly met his initial burden of establishing a serious injury by demonstrating that he sustained a fracture as a result of the accident, thus shifting the burden to defendants to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendants presented no evidence to the contrary; they argued only that workers' compensation is plaintiff's sole remedy. Accordingly, in the event it is ultimately determined that plaintiff's negligence action is not precluded by Workers' Compensation Law § 29 (6), plaintiff is entitled to a finding that he has suffered a serious injury for purposes of the Insurance Law.

Mercure, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment on the issue of serious injury; said motion granted to that extent; and, as so modified, affirmed.

---

**2.** We are also unpersuaded that we can determine, as a matter of law, that a special employment relationship with the Point existed with respect to plaintiff and Crawford, as " 'the alleged special employer's exclusive control and direction of the manner, details and ultimate results of the employee's work have not been incontrovertibly established' " (*Walls v Sano-Rubin Constr. Co.*, 4 AD3d 599, 601 [2004], quoting *Armstrong v Foxcroft Nurseries*, 283 AD2d 814, 814 [2001]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]).