Leonard v Wenz (2021 NY Slip Op 03643)





Leonard v Wenz


2021 NY Slip Op 03643


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530983
[*1]Judith Leonard, Respondent,
v
David M. Wenz, Individually and/or Doing Business as David Wenz Construction, Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Knych & Whritenour, LLC, Syracuse (Matthew E. Whritenour of counsel), for appellant.
Greene Reid & Pomeroy, PLLC, Syracuse (Jeffrey G. Pomeroy of counsel), for respondent.



Clark, J.
Appeal from that part of an order of the Supreme Court (Tait, J.), entered February 13, 2020 in Cortland County, which denied defendant's motion for summary judgment dismissing the complaint.
In August 2017, plaintiff commenced this negligence action seeking to recover for injuries that she allegedly sustained in September 2014 when, during the course of her employment at Intertek Testing Services NA, Inc., she was struck by a sheetrock panel being used by defendant in an ongoing construction project. Defendant joined issue and asserted various affirmative defenses, including that he was a "special employee" of plaintiff's employer and, therefore, the action was barred by the exclusive remedy doctrine set forth in Workers' Compensation Law §§ 11 and 29 (6). Following discovery, defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment dismissing those of defendant's affirmative defenses relating to the special employment and exclusive remedy doctrines. Supreme Court denied defendant's motion and plaintiff's cross motion, prompting this appeal by defendant.
Defendant asserts that plaintiff's complaint is barred by the exclusive remedy doctrine set forth in Workers' Compensation Law §§ 11 and 29 (6) and that therefore Supreme Court should have granted his motion for summary judgment dismissing the complaint. Under the exclusive remedy doctrine of Workers' Compensation Law §§ 11 and 29 (6), where, as here, an injured person elects to receive workers' compensation benefits from his or her general employer, he or she is precluded from suing his or her general employer, special employer or coemployee to recover for injuries sustained in the course of employment (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357 [2007]; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1221 [2019]; Siegel v Garibaldi, 158 AD3d 1049, 1049 [2018]). Defendant argues that plaintiff may not maintain this personal injury action against him because the evidence established as a matter of law that plaintiff's employer — Intertek — was his special employer, thereby making him plaintiff's coemployee at the time of the accident.
In determining whether a special employment relationship exists, various factors must be weighed, including "the right to control, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work" (Matter of Shoemaker v Manpower, Inc., 223 AD2d 787, 787-788 [1996], lv dismissed 88 NY2d 874 [1996]; see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]; Braxton v Mendelson, 233 NY 122, 124 [1922]; Walls v Sano-Rubin Constr. Co., 4 AD3d 599, 601 [2004]). "Although no one factor is determinative, a 'significant' and 'weighty feature' in deciding whether a special employment relationship exists is 'who controls and directs the manner, details and ultimate result of the employee's work' — in other words, who determines 'all essential, locational [*2]and commonly recognizable components of the [employee's] work relationship'" (Fung v Japan Airlines Co., Ltd., 9 NY3d at 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558 [citation omitted]). Although generally a factual issue best suited for resolution by the trier of fact, a "determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (Thompson v Grumman Aerospace Corp., 78 NY2d at 557-558; see Ribeiro v Dynamic Painting Corp., 23 AD3d 795, 796 [2005], lv denied 6 NY3d 707 [2006]).
We agree with Supreme Court that defendant failed to meet his prima facie burden of establishing, as a matter of law, that plaintiff's complaint is barred by the exclusivity provisions of the Workers' Compensation Law. Indeed, a review of defendant's submissions in support of his motion reveals that there are triable issues of fact that preclude a determination as to whether defendant could — at the time of the accident — be characterized as Intertek's special employee. Most significantly, deposition testimony given by defendant, certain Intertek employees and one of defendant's crew members presented conflicting evidence as to whether — and to what extent — Intertek controlled and directed the manner, details and ultimate result of defendant's work (see Wolfe v KLR Mech., Inc., 35 AD3d 916, 919 [2006]). For example, Intertek employees, as well as defendant's crew member, testified that Intertek did not provide day-to-day supervision over the projects performed by defendant, whereas defendant testified that he met with Intertek's facilities manager every morning and that the facilities manager monitored his work throughout the day. The deposition testimony also presented conflicting accounts as to who dictated defendant's work schedule, including the number of days that defendant worked, the length of defendant's workday and the start and end times of defendant's workday. Inasmuch as issues of fact exist as to whether defendant surrendered and Intertek assumed sufficient control over defendant so as to give rise to a special employment relationship, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint as barred by the exclusivity provisions of the Workers' Compensation Law (see Perkins v Dryden Ambulance, Inc., 31 AD3d 859, 860 [2006]; Jordan v Blue Circle Atl., 306 AD2d 741, 741-742 [2003]).
Defendant also argues that the evidence established that plaintiff's claimed injuries to her back, buttocks and left leg were not causally related to the September 2014 accident, but rather were caused by preexisting conditions. In support of his argument, defendant relied upon the expert opinion of a board-certified orthopedic surgeon, who opined, upon review of plaintiff's medical records, that plaintiff's lumbar complaints and radicular symptoms in the left leg were causally related to plaintiff's [*3]preexisting lumbosacral spine disease, lumbar radiculopathy and meralgia paresthetica. However, defendant's own submissions, including the orthopedic surgeon's report and plaintiff's medical records and treatment history, revealed a question of fact as to whether the September 2014 accident exacerbated plaintiff's preexisting conditions (see Mays v Green, 165 AD3d 1619, 1620 [2018]). In other words, defendant's evidence failed to establish as a matter of law that plaintiff's back, buttocks and left leg injuries were entirely preexisting (see Croisdale v Weed, 139 AD3d 1363, 1364 [2016]). Accordingly, Supreme Court properly denied defendant's motion for partial summary judgment dismissing plaintiff's claimed injuries to her back, buttocks and left leg.
Finally, Supreme Court properly held that there was insufficient evidence to conclude, as defendant urged, that the September 2014 accident caused only 25% of plaintiff's left knee injury (see Ives v Allard Chiropractic Off., 274 AD2d 910, 911 [2000]). To the extent that we have not addressed any of defendant's arguments, they have been reviewed and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.