Kutzin v Katz (2022 NY Slip Op 04595)

Kutzin v Katz

2022 NY Slip Op 04595

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

532594
[*1]Eric Kutzin, Appellant,
v
Jonathan D. Katz, Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Philip A. Wellner, Hillsdale, for appellant.
Bailey, Johnson & Peck, PC, Albany (John W. Bailey of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from an order of the Supreme Court (Schick, J.), entered November 16, 2020 in Ulster County, which, among other things, partially denied plaintiff's motion to strike defendant's answer, and (2) from an amended order of said court, entered November 17, 2020, which granted defendant's motion for summary judgment dismissing the complaint.
In May 2016, plaintiff retained defendant to represent him in drafting a marital settlement agreement. Among other assertions, plaintiff claims that he instructed defendant to include a provision in the agreement allowing him to automatically recalculate his support obligations in the event that he became unemployed. Plaintiff and his wife executed the settlement agreement on June 17, 2016. Plaintiff subsequently lost his employment in May 2017 and sought directly from his wife a reduction in his support obligations, which she refused. Thereafter, plaintiff commenced a divorce action and moved to decrease his support obligations. Plaintiff's wife, among other things, opposed plaintiff's motion and cross-moved to set aside the settlement agreement for, among other reasons, fraud and duress resulting from defendant acting as plaintiff's attorney despite the agreement naming him as mediator. Plaintiff's wife also sought to set aside the agreement for its failure to include provisions concerning the support guidelines. Supreme Court (Cahill, J.), among other things, denied both motions, and plaintiff and his wife were divorced in December 2018.
In 2019, plaintiff commenced this legal malpractice action alleging that defendant included a provision in the agreement that he was acting as a mediator when he was not, that he failed to include a provision for the automatic recalculation of plaintiff's support obligations as directed by plaintiff and failed to include disclosures and presumptive support calculations as required by the Domestic Relations Law. Following joinder of issue and discovery, plaintiff moved to strike defendant's answer as a sanction for defendant's spoliation of his handwritten notes taken at their May 2016 meeting, which allegedly would have proven that plaintiff requested an automatic downward modification of his support obligations. Defendant opposed the motion to strike and cross-moved for summary judgment dismissing the complaint, asserting that plaintiff could not prevail on his legal malpractice cause of action. In two separate orders, Supreme Court (Schick, J.) found that defendant engaged in spoliation of evidence but denied plaintiff's motion to strike defendant's answer in favor of allowing plaintiff an adverse inference at trial. Supreme Court, in an amended order, also granted defendant's motion for summary judgment dismissing the complaint. Plaintiff appeals from the order addressing his motion to strike and the amended order granting summary judgment.
Turning initially to plaintiff's contention that Supreme Court erred in denying his request to strike defendant's [*2]answer as a sanction for spoliation of his handwritten notes, we discern no abuse of discretion. Trial courts possess broad discretion to provide proportionate relief to a party deprived of lost or destroyed evidence, including preclusion of proof, imposition of costs or employing an adverse inference instruction at trial (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551 [2015]; Ortega v City of New York, 9 NY3d 69, 76 [2007]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Atiles v Golub Corp., 141 AD3d 1055, 1056 [2016] [internal quotation marks and citations omitted]; see LaBuda v LaBuda, 175 AD3d 39, 41 [2019]). The imposition of sanctions for spoliation of evidence will not be disturbed absent a clear abuse of discretion (see Bruno v Peak Resorts, Inc., 190 AD3d 1132, 1134 [2021]; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1166 [2010]).
The deposition transcript submitted in opposition to plaintiff's motion to strike the answer reflects that defendant typically took notes at client conferences; however, defendant did not recall taking notes during his May 2016 meeting with plaintiff. Additionally, defendant stated that he did not have a policy regarding the retention of his clients' files. He digitized clients' files after he finished representing the client and stated that plaintiff's file was digitized. He further indicated that, if any notes had existed, they would have been scanned into plaintiff's electronic file, and plaintiff was provided with the entire contents of the electronic file. Under these facts, the drastic remedy of striking defendant's answer was not warranted. The record reveals that defendant's failure to preserve the handwritten notes was neither willful nor contumacious and was not done with the intent to frustrate discovery (see Weiss v Bellevue Maternity Hosp., 121 AD3d 1480, 1482 [2014]). Nor did plaintiff establish that the unavailability of the notes was fatal to his ability to prosecute the action (see id.; Callaghan v Point at Saranac Lake, Inc., 83 AD3d 1177, 1179 [2011]). In that regard, although the notes might have provided support for plaintiff's claim, the notes are not crucial to plaintiff's case because he has access to various drafts of the settlement agreement, deposition transcripts, his testimony as to what he requested and the testimony of defendant (see LaBuda v LaBuda, 175 AD3d at 43; Weiss v Bellevue Maternity Hosp., 121 AD3d at 1482; Callaghan v Point at Saranac Lake, Inc., 83 AD3d at 1179). "This ruling was well within the court's discretionary purview and will not be disturbed on [*3]appeal" (Marotta v Hoy, 55 AD3d 1194, 1198 [2008] [citations omitted]; see Gitman v Martinez, 169 AD3d 1283, 1286-1287 [2019]; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d at 1167).
Plaintiff's principal claim on appeal is that issues of fact exist as to whether he made a request of defendant to include a provision in the agreement for automatic recalculation of his support obligations, and Supreme Court was therefore precluded from granting defendant's motion for summary judgment. "To succeed upon the legal malpractice claim, plaintiff was required to demonstrate that defendant[] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to plaintiff, and that . . . plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence. Upon [his] application for summary judgment, defendant[] [was] required to present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (Hufstader v Friedman & Molinsek, P.C., 150 AD3d 1489, 1489-1490 [2017] [internal quotation marks and citations omitted]; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219-1220 [2017], affd 31 NY3d 1090 [2018]; Huffner v Ziff, Weiermiller, Hayden & Mustico, LLP, 55 AD3d 1009, 1011 [2008]).
In support of his motion for summary judgment, defendant submitted the parties' deposition testimony and copies of plaintiff's emails. It is undisputed that plaintiff retained defendant as his attorney, that defendant did not act as a mediator, that defendant included a provision in the settlement agreement permitting plaintiff to seek a downward modification — but not an automatic decrease — of his support obligations upon his loss of employment, that the agreement did not contain requisite support guideline language and included blanks in the marital residence provision, that defendant forwarded the agreement to plaintiff and his wife but advised plaintiff that he had not proofread it, and that plaintiff and his wife signed the agreement before a notary public without seeking any changes and did not sign the agreement in the presence of defendant. Additionally, plaintiff's deposition testimony demonstrated that plaintiff read the agreement and understood it. Emails between defendant and plaintiff also revealed that plaintiff understood that modifying his support obligations would require judicial involvement. Other evidence showed that, at the time plaintiff sought his downward modification of support obligations, plaintiff's bank account totaled over $29,000, plaintiff's wife's bank account totaled approximately $59, plaintiff retained all of his retirement accounts in excess of $328,000 and plaintiff's wife was also unemployed at the time.
Pursuant to Domestic Relations Law § 236 (B) (9) (b) (2) (i), as relevant here, a "court may modify [*4]an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances." "The parties are free, however, to agree to different terms triggering a change in the obligations of the payor spouse," including the application of a different standard (Matter of Frederick-Kane v Potter, 155 AD3d 1327, 1329 [2017] [internal quotation marks and citations omitted]). However, "automatic" decreases and increases in child support and maintenance are improper (see Murray v Murray, 101 AD3d 1320, 1322-1323 [2012], lv dismissed 20 NY3d 1085 [2013]; O'Brien v O'Brien, 88 AD3d 775, 778 [2011]; White v White, 204 AD2d 825, 828 [1994], lv dismissed 84 NY2d 977 [1994]; Rubenstein v Rubenstein, 155 AD2d 522, 523 [1989]). Thus, defendant's failure to include a provision in the agreement for "automatic" recalculation of plaintiff's support obligations was of no import, as plaintiff was not entitled to same.
As to plaintiff's claim that the agreement erroneously set forth that defendant was acting as a mediator, defendant proffered emails between plaintiff and his wife establishing that each understood the mediator language was an error, that the error was inconsequential to them, and that this error would not and did not prevent them from signing the agreement. Regarding the lack of requisite language and the mediator language, defendant submitted an order of Supreme Court (Cahill, J.) finding, as pertinent here, that there was sufficient language for the calculation of support pursuant to the guidelines and that the agreement was enforceable. Under these facts, defendant established, prima facie, that his actions were not the proximate cause of plaintiff's alleged damages. Further, plaintiff has not raised any questions of fact in this regard. Accordingly, Supreme Court (Schick, J.) properly granted defendant's motion for summary judgment dismissing the complaint (see Hufstader v Friedman & Molinsek, P.C., 150 AD3d at 1491; Chaudhuri v Kilmer, 158 AD3d 1276, 1277 [2018]; Bixby v Somerville, 62 AD3d 1137, 1140-1141 [2009]). In view of our determination, any remaining contentions of the parties have been rendered academic.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order and amended order are affirmed, with costs.